[No. 35093-5-I.  Division One.  February 20, 1996.]

ANTHONY V. DICKINS, M.D., ET AL., *Plaintiffs*, v. LYNND STILES, *Appellant*, TITLE INSURANCE COMPANY OF MINNESOTA, *Respondent*.

*Edward D. Campbell*, for appellant.
*H. Weston Foss* and *Perkins Coie*, for respondent.

GROSSE, J. — Lynnd Stiles was sued by neighboring land-owners for allegedly misusing her property and overburdening an easement that runs over the neighbors' property. The complaint alleges that Stiles improperly used her property for commercial purposes, such as harvest festivals, corporate picnics, seminars, weddings, and birthday parties, and that Stiles overburdened and misused the easement by allowing heavy traffic to travel the easement on its way to Stiles' property for these commercial events.

Stiles answered the complaint and filed a third party complaint against Old Republic Title Insurance Company (Old Republic) who had issued two title insurance policies to Stiles. She argued that under the policies, Old Republic has a duty to defend her against these claims.

Old Republic filed a motion for summary judgment with respect to Stiles' third party complaint. The trial court granted the motion and denied Stiles' motion for reconsideration. Stiles appeals. We affirm the grant of summary judgment in favor of Old Republic because we find that under the terms of the title insurance policies, Old Republic was not obligated to defend Stiles against the claims asserted against her by her neighbors.

The title policies Old Republic issued to Stiles provided standard coverage, as opposed to extended coverage. Schedule B of the policies contains standard exceptions and special exceptions from coverage. Standard exceptions exempt from coverage off–record defects such as encroachments, matters of boundary and location, unrecorded easements, and adverse possession claims.[1] Schedule B of the policies also contains special exceptions that, unlike the standard exceptions, specifically relate to the insured prop-

---

[1]*See Denny's Restaurants, Inc. v. Security Union Title Ins. Co.*, 71 Wn. App. 194, 198 & n.2, 859 P.2d 619 (1993) (these standard exceptions are contained as a matter of course in Schedule B of title polices providing standard coverage).

erty. Extended coverage policies omit the standard schedule B exceptions.[2]

■■ Old Republic will have a duty to defend under the policies if the complaint against Stiles "alleges facts which, if proved, would render the insurer [Old Republic] liable for indemnification of the insured [Stiles]. The complaint should be liberally construed, and if it is subject to an interpretation creating a duty to defend, the insurer must comply with that duty."[3] We now turn to the claims asserted against Stiles which she claims Old Republic has a duty to defend.

The first claim for relief is based on the following covenant in the deeds given to Stiles when she purchased the property:

> The above described premises shall thereafter be used for agricultural and residential purposes only and in conformity with the prevailing zoning regulations pertaining to the area, unless the area, including the premises above described, is hereafter officially zoned to permit other uses of the above described property. This covenant shall be a covenant running with the land.

According to the deeds, this covenant was imposed by instrument recording number 6294718.

The title insurance policies include, as a special exception from coverage, loss or damage by reason of:

RESTRICTIONS, CONDITIONS AND COVENANTS, AND THE TERMS AND CONDITION THEREOF:

Imposed by Instrument

Recording No.: 6294718

By this plain language, the policy excludes coverage for defending the plaintiffs' claim based on the covenant.

---

[2]*Denny's Restaurants, Inc. v. Security Union Title Ins. Co., supra.*

[3](Citations omitted.) *Atlantic Mutual Ins. Co. v. Roffe, Inc.*, 73 Wn. App. 858, 862, 872 P.2d 536 (1994).

Notwithstanding this clear exclusion from coverage, Stiles argues that Old Republic has a duty to defend against this claim because the covenant is ambiguous. She argues that the covenant fails to provide adequate notice to the insured that the easement could not be used for commercial vehicles or for traffic to weddings, corporate retreats, and harvest festivals. Stiles claims that these ambiguities create a duty to defend on the part of Old Republic. We disagree. The argument that the covenant is ambiguous and therefore not enforceable against Stiles is an argument that goes to the merits of the underlying lawsuit between Stiles and her neighbors. As far as determining coverage under the title insurance polices, however, the face of the complaint clearly indicates the claim is based on the covenant and that it alleges loss or damage arising therefrom. The facts alleged in the complaint, if proved, would not render Old Republic liable under the policies and Old Republic therefore has no duty to defend.[4]

In their second claim for relief, Stiles' neighbors contend that the covenant described above created a common plan of which the neighbors are third party beneficiaries. They claim that the nonagricultural, commercial purposes for which Stiles' land has been used violate this common plan. As with the first claim for relief, this claim is based on the covenant in the deeds. Consequently, for the reasons set forth above, Old Republic does not have a duty to defend Stiles against this claim.

In their third claim for relief, Stiles' neighbors allege that she is equitably estopped from denying that the restrictions in the covenant and the common plan restrict her use of the property to agricultural and residential uses. These claims are based on the covenant and, as discussed, Old Republic is not obligated to defend against claims based on the covenant.

The fourth claim for relief alleges that Stiles misused

---

[4]*Atlantic Mutual Ins. Co. v. Roffe, Inc., supra.*

the easement running over the plaintiffs' properties by using it for nonagricultural, commercial purposes. According to the allegations in the complaint, Stiles created the overburdening of the easement subsequent to acquiring the property and the issuance of the title insurance policies. The policies exclude from coverage "[d]efects, liens, encumbrances, adverse claims, or other matters (a) created, suffered, assumed or agreed to by the insured claimant; . . . [or] (d) attaching or created subsequent to Date of Policy[.]"

In light of this exclusion, if the neighbors were to prove the facts alleged in the complaint regarding the overburdening or misuse of the easement, Old Republic would not be under a duty to defend.[5]

Although supporting documentation is not in the record before us, it appears that in an amended reply to a document Stiles filed, one of the plaintiffs raised a claim of adverse possession of a portion of the easement. Also, it appears that Stiles demanded that Old Republic defend her from this claim, although there is nothing in the record to substantiate this and no evidence of Old Republic's reasons for denying the claim, aside from counsel's statements in the briefs. Judging from these statements in the briefs, Old Republic denied coverage based on two standard exceptions contained in schedule B of the policies. Standard exception 1 provides that the policy does not insure against loss or damage by reason of "[e]ncroachments or questions of location, boundary and area, which an accurate survey may disclose." Standard exception 3 states that no coverage is provided for loss or damage by reason of "[r]ights or claims of persons in possession, or claiming to be in possession, not disclosed by the public records."

---

[5]*Atlantic Mutual Ins. Co. v. Roffe, Inc., supra.* Stiles' neighbors allege, in their fifth claim for relief, that Stiles' property was conveyed to her subject to an easement allowing ingress and egress to the neighbors' property, and that Stiles has refused to allow use of the easement. Stiles does not appear to contend that Old Republic has a duty to defend this claim and we therefore do not address this claim.

■ Stiles claims that the exceptions are inconsistent with exclusion 3(b) and that the inconsistency must be resolved in her favor. Exclusion 3(b) expressly excludes from coverage:

Defects, liens, encumbrances, adverse claims, or other matters . . . (b) not known to [Old Republic] and not shown by the public records but known to the insured claimant either at Date of Policy or at the date such claimant acquired an estate or interest insured by this policy and not disclosed in writing by the insured claimant to the Company prior to the date such insured claimant became an insured hereunder[.]

Stiles claims the exclusion is inconsistent with the exceptions because it, unlike the exceptions, requires knowledge by the insured of the defect, lien, encumbrance, adverse claim, or other matter. We disagree. Exclusion 3(b) is a general exclusion, applicable to any claim. Under that exclusion, if an insured fails to inform Old Republic of something the insured knows at the relevant dates, then there is no coverage for that matter. The exclusion is akin to a notice requirement. Old Republic will not provide coverage for matters not disclosed to it by the insured prior to the issuance of the policy, including adverse possession claims. Under the exceptions, regardless of whether the insured knew of the adverse possession claim at the time it became an insured, there is no coverage. The provisions are not inconsistent. One is a notice provision applicable to all claims existing at the time the policy is issued; the other is a standard exception from coverage specifically relating to, inter alia, adverse possession claims, regardless of when they arise. Under the policies, Old Republic was not under a duty to defend against the adverse possession claims.

Stiles claims the plaintiffs' allegations that the property is situated in an area zoned A–35 "do not support prayers for banning all non–agricultural commercial vehicles or for the right to erect a gate to control traffic twenty four hours a day or to reduce the size of the easement from sixty foot wide to a ten to fifteen foot width." To the extent

Stiles is seeking to argue that Old Republic is obligated to defend her against a claim based upon the zoning code, her argument is without merit. The title insurance policies exclude from coverage matters related to "[a]ny law, ordinance or governmental regulation (including but not limited to building and zoning ordinances) restricting or regulating or prohibiting the occupancy, use or enjoyment of the land, . . . or the effect of any violation of any such law, ordinance or governmental regulation." In light of this provision, Old Republic does not have a duty to defend Stiles against this claim.

In their complaint, Stiles' neighbors raise the fact that the party from whom Stiles purchased the property had conveyed the development rights for the property to King County in 1987, prior to Stiles' purchase. The deeds conveying the property to Stiles specifically except from the conveyance " 'Development Rights' appertaining to said land, as said rights are defined in deed to King County dated January 15, 1987 and recorded March 17, 1987 under Recording No. 8703171192, and in King County Ordinance No. 4341." The title insurance policies specifically state that they do not insure against loss or damage by reason of:

RESTRICTIONS, CONDITIONS AND COVENANTS, AND THE TERMS AND CONDITIONS THEREOF:

Imposed by Instrument

Recording No.: 8703171192

Thus, Old Republic has no duty to defend any claim against Stiles arising out of the transfer of development rights to King County.

Finally, Stiles makes an argument based on the doctrine of reasonable expectations, with respect to the clause in the policies that excludes "[d]efects, liens, encumbrances, adverse claims, or other matters (a) created, suf-

fered, assumed or agreed to by the insured claimant[.]"[6] The cases and treatises Stiles cites in support of her claim show that in order for the doctrine of reasonable expectations to apply, there must be either an ambiguity or inconsistency between policy provisions. When this occurs, the provisions are to be interpreted in accordance with the reasonable expectations of the insured. Here, however, the policy exclusions and exceptions are clear with respect to coverage for claims regarding Stiles' use of her property. The policies unequivocally state that they do not provide coverage for the claims discussed above. Any expectation of Stiles to the contrary would not be reasonable.[7]

For the foregoing reasons, the judgment of the trial court is affirmed.

BECKER and ELLINGTON, JJ., concur.

Review denied at 129 Wn.2d 1029 (1996).

---

[6]Stiles claims: "Mr. and Ms. Average Insured would not understand that when they were using their property as they believed they had every right to do and were sued by a neighbor asserting violation of some ambiguous restriction that could easily be read to allow their activities on their land, their own activities would somehow have triggered the title company policy exclusion [quoted above]."

[7]We do not address claims Stiles raises that relate to the merits of the underlying lawsuit between her and her neighbors. The issues presented in this appeal relate solely to Old Republic's duty to defend, and the merits of the underlying action are not relevant to the resolution of the issues presented here.