[No. 12310-3-III.   Division Three.   June 8, 1993.]

VICKIE M. GAST, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*David L. Lybbert, Kathleen Kilcullen,* and *Calbom & Schwab,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Dennis J. Beemer, Assistant,* for respondent.

THOMPSON, J. — Vickie M. Gast filed a claim with the Department of Labor and Industries for a stress-related disease allegedly caused by workplace rumors, innuendos, and inappropriate comments made by co-workers. Her claim was denied by the Department and the denial upheld by the Board of Industrial Insurance Appeals. Ms. Gast appealed the Board's decision to superior court. A jury verdict was rendered in favor of the Department.

Ms. Gast appeals the judgment entered on the jury verdict. She contends the jury received an erroneous instruction and the court erred in ruling, as a matter of law, that rumors, innuendos, and inappropriate comments by co-workers are not distinctive conditions of employment. We affirm.

On March 15, 1979, Ms. Gast was hired by the Housing Authority as a receptionist and secretary to the supervisor of maintenance activities. After a brief maternity leave in 1980, she returned as a maintenance dispatcher, supply clerk, and general office clerk.

Although personality conflicts developed between some staff in the office, Ms. Gast continued in her position until the latter part of 1981. She was rehired in September 1982 as a member of the office staff. Personal conflicts continued with a few co-workers and Ms. Gast believed some employees

wanted to create a situation so emotionally difficult for her that she would voluntarily terminate employment.

On June 30, 1983, Ms. Gast was hired to work for the City of Moses Lake. She returned to work at the Housing Authority for 1 day per week commencing January 1984. Between January 1984 and April 1984, she also worked for another employer. Effective April 1984 she resumed full-time employment with the Housing Authority.

As a maintenance laborer, Ms. Gast helped clean units when tenants moved from housing administered by the Authority. She was also responsible for minor maintenance. Apparently, rumors developed concerning alleged relationships she was having with male co-workers. She avoided working with one employee because of such rumors and began working more by herself. The rumors continued during the latter part of 1986 and early 1987.

During the latter part of 1987, Ms. Gast asked the executive director to change her job classification from laborer to maintenance mechanic. Her request was denied.

On December 28, 1987, Ms. Gast filed an application for benefits with the Department. She alleged an occupational disease caused by stress arising out of her employment. On January 4, 1988, the Department rejected her claim finding there was no proof of injury in the course of employment, the condition was not the result of an industrial injury, the condition was not an occupational disease, and no personal injury had been sustained. After a protest by Ms. Gast, the Department affirmed the denial by final order on January 25, 1989. Ms. Gast appealed to the Board.

On February 8, 1990, the Department's denial was upheld. Ms. Gast appealed to superior court. The case was tried to a jury and Ms. Gast timely appealed the jury's adverse ruling.

Ms. Gast assigns error to instruction 11 which states:

An occupational disease is a condition of [sic] illness which arises as a natural consequence or incident of distinctive conditions of a worker's particular employment, as opposed to conditions occurring coincidentally in the workplace. A disease does

not arise naturally out of employment if it is caused by conditions of everyday life or all employments in general.

If you find that Vickie Gast suffered a disease which was proximately caused by occurrences in her workplace, then you must consider whether or not such occurrences are distinctive conditions of her particular employment. This court has already ruled, as a matter of law, as follows:

(1) Rumors, innuendos and inappropriate comments by one's co-workers, are not, by themselves, distinctive conditions of employment.

(2) On the other hand, an employer's failure to respond to an employee's complaints regarding such rumors, innuendos and inappropriate comments — if you find that, in fact, the employer did so fail to respond — is a distinctive condition of employment.

Ms. Gast contends that rumors, innuendos, and inappropriate comments by co-workers are distinctive conditions of employment because they arise naturally and proximately out of employment as required by RCW 51.08.140. She cites *Bremerton v. Shreeve*, 55 Wn. App. 334, 777 P.2d 568 (1989) and *Dennis v. Department of Labor & Indus.*, 109 Wn.2d 467, 481, 745 P.2d 1295 (1987).

The Department contends that rumors, innuendos, and inappropriate comments only coincidentally exist in the workplace, they occur in everyday life and employment in general, and are not distinctive conditions of employment. According to the Department, Ms. Gast's alleged disease was not an "occupational disease" as defined in RCW 51.08.140. *Bremerton*, at 342; *Dennis*, at 481. With the exception of paragraph (2), the Department contends instruction 11 is a correct statement of the law.

An occupational disease compensable under the Industrial Insurance Act is statutorily defined as an infection or disease which "arises naturally and proximately out of employment . . .". RCW 51.08.140. The "proximately" requirement is not at issue in this appeal.

In *Dennis*, at 481, the issue was whether there was sufficient evidence for the jury to determine if the claimant's disabling wrist condition arose "naturally" out of his employment as a sheet metal worker. The claimant used tin snips

for 4 to 5 hours a day for 38 years. *Dennis*, at 481, held that to satisfy the "naturally" requirement of RCW 51.08.140,

> a worker must establish that his or her occupational disease came about as a matter of course as a natural consequence or incident of distinctive conditions of his or her particular employment. The conditions need not be peculiar to, nor unique to, the worker's particular employment. Moreover, the focus is upon conditions giving rise to the occupational disease . . . and not upon whether the disease itself is common to that particular employment. The worker . . . must show that his or her particular work conditions more probably caused his or her disease or disease-based disability than conditions in everyday life or all employments in general; the disease or disease-based disability must be a natural incident of conditions of that worker's particular employment. Finally, the conditions causing the disease or disease-based disability must be conditions of *employment*, that is, conditions of the worker's particular occupation as opposed to conditions coincidentally occurring in his or her workplace.

■ Here, the court correctly defined an occupational disease in paragraph (1) of instruction 11. RCW 51.08.140; *Dennis*, at 481. Moreover, the court correctly determined as a matter of law that rumors, innuendos, and inappropriate comments by co-workers are not distinctive conditions of employment. Such conditions are unfortunate occurrences in everyday life or all employments in general. Their occurrence at a specific workplace is coincidental and not a natural consequence or incident of distinctive employment conditions. RCW 51.08.140; *Dennis*, at 481. *See also Wheeler v. Catholic Archdiocese*, 65 Wn. App. 552, 566, 829 P.2d 196, *review granted*, 120 Wn.2d 1011 (1992).

In *Wheeler*, the plaintiff was a maintenance worker whose supervisor engaged in repeated harassment. One of her claims was for a mental disability resulting from this harassment. Her employer contended her claim constituted an occupational disease, and thus a civil cause of action was barred by the exclusive remedy provision of RCW Title 51. *Wheeler*, at 566, determined her condition was not the result of an occupational disease as defined in RCW 51.08.140. Relying primarily on *Dennis*, at 481, *Wheeler*, at 567, concluded the

conditions plaintiff encountered were not particular to her occupation. Further, they only coincidentally occurred in her workplace and could just as easily have occurred in any other workplace or in everyday life.

In *Bremerton*, the claimant was a confidential secretary. Her supervisor insisted that she never leave her desk unattended and instructed her to get someone from another department to attend her desk even when going to the bathroom. As a result, the claimant was often significantly delayed or prevented from relieving herself when necessary. She developed a kidney infection requiring removal of her kidney. A jury found the claimant had a disabling occupational disease which arose naturally and proximately out of her employment. *Bremerton*, at 342, held there was sufficient evidence to support the jury's finding that the claimant's inability to urinate was caused by an objective, as opposed to a subjective, condition of employment. Unlike *Bremerton*, rumors and comments by a co-worker are not distinctive employment conditions, objective or subjective.

The Department contends the trial court erred by instructing the jury that innuendos and inappropriate comments can *become* conditions of employment if the employer fails to respond to complaints about them. However, the Department has not cross-appealed. In any case, if paragraph (2) of the instruction was in error, the error would have benefited Ms. Gast and would not require reversal. *Hayes v. Sears, Roebuck & Co.*, 34 Wn.2d 666, 209 P.2d 468 (1949); *Grass v. Seattle*, 100 Wash. 542, 543, 171 P. 533 (1918).

We affirm.

SHIELDS, C.J., and MUNSON, J., concur.

Review denied at 122 Wn.2d 1024 (1993).