[No. 32927-8-I.   Division One.   April 4, 1994.]

ATLANTIC MUTUAL INSURANCE COMPANY, *Respondent,*
v. ROFFE, INC., *Appellant.*

*Thomas J. Lucas* and *Aiken, St. Louis & Siljeg, P.S.,* for appellant.

*Timothy R. Gosselin* and *Burgess, Fitzer, Leighton & Phillips, P.S.,* for respondent.

COLEMAN, J. — Roffe, Inc., appeals the trial court's order of summary judgment, arguing that under the parties' insurance agreement, Atlantic Mutual Insurance Company was required to defend and indemnify Roffe against a former employee's claims of employment discrimination. We affirm.

Donald Ragsdale began working for Roffe, Inc., as a sewing machine mechanic in July 1987. In April 1991, Roffe terminated Ragsdale's employment. On May 7, 1992, Ragsdale filed a complaint against Roffe, alleging that Roffe (1) failed or refused to accommodate his handicap, (2) wrongfully terminated his employment in retaliation for his physicians'

requests that he be relocated, (3) wrongfully terminated him because of his handicap, and (4) committed the tort of outrage by deliberately refusing to accommodate his handicap.

Shortly after the complaint was filed, Roffe tendered the suit to its insurer, Atlantic Mutual, claiming that Atlantic Mutual was obligated to provide for Roffe's defense and pay any judgment entered in the action. The relevant parts of Roffe's insurance policy with Atlantic Mutual provided as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I — COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS — COVERAGES A AND B**. This insurance applies only to "bodily injury" and "property damage" which occurs during the policy period. The "bodily injury" or "property damage" must be caused by an "occurrence." The "occurrence" must take place in the "coverage territory." We will have the right and duty to defend any "suit" seeking those damages.

    . . . .

    **b.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services, or death resulting at any time from the "bodily injury."

**2. Exclusions . . .**

    This insurance does not apply to:

    **a.** "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . .

    . . . .

    **e.** [see stop gap endorsement below]

In addition to these general provisions, Roffe's policy had a "Stop Gap Employers Liability Endorsement", which provided added coverage as follows:

1. INSURING AGREEMENT.

A. WE WILL PAY THOSE SUMS THAT YOU BECOME LEGALLY OBLIGATED TO PAY AS DAMAGES BECAUSE OF "BODILY INJURY" OF ANY EMPLOYEE OF YOURS WHO SUSTAINS AN INJURY WHICH ARISES OUT OF AND IN THE COURSE OF HIS EMPLOYMENT[.] THIS INSURANCE APPLIES ONLY TO "BODILY INJURY" WHICH OCCURS DURING THE POLICY PERIOD. THE "BODILY INJURY" MUST BE CAUSED BY AN "OCCURRENCE." THE "OCCURRENCE" MUST TAKE PLACE IN THE "COVERAGE TERRITORY." WE WILL HAVE THE RIGHT AND DUTY TO DEFEND ANY "SUIT" SEEKING THOSE DAMAGES. . . .

. . . .

2. EXCLUSIONS

EXCLUSION 2.E. OF THE COMMERCIAL GENERAL LIABILITY COVERAGE FORM IS REPLACED BY THE FOLLOWING EXCLUSIONS. THIS INSURANCE DOES NOT APPLY TO:

. . . .

H. ANY INJURY SUSTAINED BECAUSE OF ANY ACT COMMITTED INTENTIONALLY BY YOU OR AT YOUR DIRECTION AND, IF YOU ARE DESIGNATED IN THE DECLARATIONS AS A PARTNERSHIP OR AN ORGANIZATION OTHER THAN A PARTNERSHIP OR JOINT VENTURE, BY ANY EXECUTIVE OFFICER, DIRECTOR, STOCKHOLDER OR PARTNER THEREOF.

EXCLUSION H. SHALL NOT EXCLUDE COVERAGE FOR YOUR LEGAL LIABILITY OTHER THAN BENEFITS OR COMPENSATION PROVIDED FOR UNDER ANY WORKERS' COMPENSATION ACT, RESULTING FROM THE DELIBERATE, INTENTIONAL ACT OF AN EMPLOYEE OR AGENT (OTHER THAN AN EXECUTIVE OFFICER, DIRECTOR, STOCKHOLDER OR PARTNER) THAT PRODUCE INJURY OR DEATH TO ANOTHER EMPLOYEE WHEN SUCH ACT IS COMMITTED WITHIN THE SCOPE OF EMPLOYMENT.

Atlantic Mutual denied Roffe's tender of defense, claiming that under the policy it was not obligated to defend Roffe against Ragsdale's claims. Both Roffe and Atlantic Mutual moved for summary judgment on this issue, and the trial court found in favor of Atlantic Mutual. Roffe appeals.

The sole issue on appeal is whether Atlantic Mutual has a duty to defend Roffe, Inc., against claims of employment discrimination.

██ In reviewing an order for summary judgment, the appellate court engages in the same inquiry as the lower court. All inferences must be drawn in favor of the nonmov-

ing party, and if reasonable minds could differ as to the conclusions to be drawn from the evidence, the judgment was improperly granted. *Hontz v. State*, 105 Wn.2d 302, 311, 714 P.2d 1176 (1986).

█ An insurer has a duty to defend when a complaint against its insured alleges facts which, if proved, would render the insurer liable for indemnification of the insured. *Viking Ins. Co. v. Hill*, 57 Wn. App. 341, 346, 787 P.2d 1385 (1990) (citing *Greer v. Northwestern Nat'l Ins. Co.*, 109 Wn.2d 191, 197, 743 P.2d 1244 (1987)). The complaint should be liberally construed, and if it is subject to an interpretation creating a duty to defend, the insurer must comply with that duty. *Prudential Property & Cas. Ins. Co. v. Lawrence*, 45 Wn. App. 111, 115, 724 P.2d 418 (1986) (citing *Travelers Ins. Cos. v. North Seattle Christian & Missionary Alliance*, 32 Wn. App. 836, 840, 650 P.2d 250 (1982)). An insurance company must look beyond the allegations in the complaint only if: "(a) the allegations are in conflict with facts known to or readily ascertainable by the insurer or (b) the allegations of the complaint are ambiguous or inadequate." *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 908, 726 P.2d 439 (1986).

The insurance policy in the present case states that Atlantic Mutual will pay those sums that Roffe becomes legally obligated to pay as damages because of bodily injury of any employee who sustains an injury which arises out of and in the course of his or her employment. Roffe claims that Atlantic Mutual has a duty to defend because Ragsdale's complaint alleges bodily injury and emotional distress.

█ We disagree. Under the policy, the mere fact that injury occurred does not create a duty to defend. The plaintiff's damages must be "because of" the bodily injury. Here, however, the complaint alleges damages "because of" Roffe's alleged discriminatory actions in response to his bodily injury. Understandably, Ragsdale is not seeking damages for the bodily injury itself because recovery for that injury would fall within the exclusive jurisdiction of the Industrial Insurance Act (IIA).

The distinction between these two injuries was explained in *Reese v. Sears, Roebuck & Co.*, 107 Wn.2d 563, 731 P.2d 497 (1987) in which the court addressed whether the plaintiffs' claims against their employers for failure to accommodate their handicaps were barred by the IIA. The court stated: "Unlike the IIA, the Law Against Discrimination seeks to remedy nonphysical injuries, similar to dignitary torts, that have far-reaching social, political and economic implications." (Citation omitted.) *Reese*, at 569. The court further explained:

> [U]nder the Law Against Discrimination appellant employees claim they were injured, not by the physical workplace injuries that gave rise to their respective disabilities, but by a particular employer action taken months after they became disabled. It is the *employer response* to the disabled worker that is at issue. Appellants' claimed injuries in this action turn *exclusively* on the employers' deliberate behavior. For purposes of the Law Against Discrimination, it does not matter how the handicap arose; only the employer's response to the handicap matters.

*Reese*, at 572-73.

The complaint in the present case sets forth four separate claims. Each section of the complaint states the cause of action and then states:

> As a proximate result of *defendant's unlawful conduct*, plaintiff has been injured as follows:
>
> (a) Plaintiff has lost salary, been denied salary increases, job promotions, fringe benefits and other job opportunities which he would have received had his employment not been terminated.
>
> (b) Plaintiff has yet to find comparable employment and his damages are continuing.
>
> (c) Plaintiff has suffered and continues to suffer emotional distress.

(Italics ours.) Thus, each of the claims seeks damages based on Roffe's *response* to the original physical injury, not on Roffe's responsibility for the original physical injury itself.

Citing *Hinman v. Yakima Sch. Dist. 7*, 69 Wn. App. 445, 850 P.2d 536 (1993), Roffe claims that because a person can recover for physical injuries under RCW 49.60, Ragsdale's complaint should be construed as including a potential claim for bodily injury.[1] However, *Hinman* merely held that an

---

[1]In *Hinman*, a school counselor suffered from chronic bronchial asthma, which was aggravated by cigarette smoke filtering into her office from the faculty

employee's claim for emotional distress under RCW 49.60 was not barred by the IIA. *Hinman*, at 452. Thus, *Hinman* reiterates the rule in *Reese* that the IIA does not bar a plaintiff from recovering under RCW 49.60, provided there are separate and distinct injuries, besides the original physical injury, which are caused by the employer's actions. *See Hinman*, at 452.

Here, Roffe's insurance policy states that the plaintiff's damages must be "because of" bodily injury. Ragsdale's complaint clearly indicates that his damages, which included lost wages and emotional distress, were caused by Roffe's alleged discriminatory conduct.[2] In other words, in the absence of Roffe's alleged unlawful discriminatory conduct, there would have been no compensable damages in this action. Here, as in *Reese*, it is the employer's *response* to the injury that is at issue in the complaint, not the injury itself. We therefore agree with Atlantic Mutual that the complaint does not allege facts creating a duty to defend, and we conclude that the trial court correctly granted summary judgment in its favor.[3]

The order of summary judgment is affirmed.

WEBSTER, C.J., and SCHOLFIELD, J., concur.

---

smoking lounge. She sued the school district, claiming that it failed to provide her with a safe and healthful workplace and failed to accommodate her handicap as required under RCW 49.60. On appeal, the court held that under *Reese*, the IIA did not bar her from bringing the action under RCW 49.60, provided she alleged damages separate from those claimed under the IIA. The court stated:

> Based on the pleadings and affidavits, viewed in a light most favorable to Ms. Hinman, a genuine issue of material fact exists as to whether she sustained injuries different from her physical injury which injuries were allegedly caused by the school district's deliberate discriminatory acts.

(Citations omitted.) *Hinman*, at 452.

[2] Thus, even if, as Roffe claims, emotional distress can have physical symptoms, these symptoms occurred because of the discriminatory conduct.

[3] Because we conclude that Ragsdale's damages did not occur because of bodily injuries, we do not reach the other issues raised by Roffe.