[No. 62237-0.   En Banc.   August 10, 1995.]

JANICE L. GOODMAN, *Respondent*, v. THE BOEING
COMPANY, ET AL., *Petitioners*.

*Perkins Coie* by *Russell L. Perisho*, for petitioners.

*Abraham A. Arditi*, for respondent.

*Kelby D. Fletcher* and *Herman L. Wacker* on behalf of Washington Employment Lawyers Association, amicus curiae.

*Eileen M.G. Lawrence* on behalf of Washington Defense Trial Lawyers Association, amicus curiae.

*Thomas A. Lemly* and *Catherine W. Smith* on behalf of Association of Washington Business & Washington Self-Insurers Association, amici curiae.

*Bryan P. Harnetiaux* and *Gary N. Bloom* on behalf of Washington Trial Lawyers Association, amicus curiae.

DOLLIVER, J. — In *Reese v. Sears, Roebuck & Co.*, 107 Wn.2d 563, 571-72, 731 P.2d 497 (1987), this court held the Industrial Insurance Act (IIA) (RCW 51.04.010 and RCW 51.32.010, the statute providing workers' compensation) does not bar an action for handicap discrimination where the underlying disability arose in the workplace. Today we are asked to consider whether a plaintiff's recovery under *Reese* may extend to separate physical or emotional injuries flowing from that discrimination. We hold the IIA does not bar such recovery.

In 1987, Plaintiff Janice Goodman suffered a workplace injury to her hands and arms from the repetitive stress of three years as a microfilm processor for Defendant The Boeing Company. Plaintiff filed a successful workers' compensation claim for that injury. Forced to wear braces on both hands, Plaintiff also requested rotation off the microfilm processing machine or a transfer to a new position. Plaintiff's supervisor, Defendant Amelia Anderson, not only refused Plaintiff's repeated requests for accommodation, but also denied Plaintiff the normal rotation other employees received, assigned her to the most grueling processing schedule, and subjected her to verbal harassment. Plaintiff's condition soon worsened, culminating in a series of surgeries on both hands and long-term medical leave.

Plaintiff filed the present employment discrimination action in 1990. After the trial court dismissed claims for deliberate injury and handicap discrimination in a temporary filing position, the jury found for Plaintiff on her claims for handicap discrimination based on reasonable accommodation and for negligent infliction of emotional distress. The jury rejected Plaintiff's claim for outrage. The damages award amounted to $1.1 million, including lost past earnings and earnings capacity; lost future earnings and earnings capacity; pain and suffering;

disfigurement; and future medical, household help, and nonmedical expenses. The trial court set off Plaintiff's IIA time-loss benefits received up to trial against her past lost earnings and earnings capacity award and subrogated Boeing to her future workers' compensation benefits.

■ Defendants appealed, and Plaintiff cross-appealed. Although Plaintiff claims Defendants waived argument of the exclusivity issue on appeal, we determine Defendants properly preserved their assignment of error in proposed jury instructions. *See Walker v. State*, 121 Wn.2d 214, 217, 848 P.2d 721 (1993). The Court of Appeals affirmed the trial court judgment. *Goodman v. Boeing Co.*, 75 Wn. App. 60, 877 P.2d 703 (1994).

Defendants assert the exclusive remedy provisions of the IIA barred Plaintiff's recovery for physical injury damages under the Law Against Discrimination (LAD), RCW 49.60, and damages in tort for negligent infliction of emotional distress. By Defendants' theory, recovery for physical or emotional injury occurring in the workplace is available only under the IIA regardless of the causation from discrimination. Even were recovery available for those injuries, Defendants maintain the trial court failed to instruct the jury to limit damages to the effects of discrimination. In addition, Defendants contend the trial court improperly instructed the jury on reasonable accommodation by placing a burden on the employer to ascertain the nature and extent of the employee's disability. Our disposition obviates our reaching Plaintiff's issues on cross-petition.

I

RECOVERY UNDER THE LAD FOR PHYSICAL INJURY
DAMAGES

■ Defendants present the same arguments considered in *Reese*: Damages for handicap discrimination under the LAD would result in a conflict with the IIA and double recovery for the plaintiff. *Reese*, 107 Wn.2d at 568, 574.

The *Reese* plaintiffs, after suffering disabling industrial injuries, sought damages for handicap discrimination when their employers refused to reemploy them. *Reese* determined the injury of discrimination was separable from the plaintiffs' IIA-compensable injuries:

> Because the injuries (1) are of a different nature, (2) must arise at different times in the employee's work history, and (3) require different causal factors (an IIA claim is indifferent to employer fault, a discrimination claim requires such fault), the two injuries cannot be "the same injury". . . .

*Reese*, 107 Wn.2d at 574. No statutory conflict existed because the IIA and the LAD compensated different injuries. *Reese*, 107 Wn.2d at 567. No double recovery could occur in compensation for separate harms, and the trial court could deduct IIA benefits from LAD damages if necessary. *Reese*, 107 Wn.2d at 574.

Reviewing a summary dismissal of the plaintiffs' LAD claims, *Reese* did not reach the issue here whether a plaintiff may recover for physical injuries flowing from the discrimination. Today we clarify our decision in *Reese* to hold recovery for a separate physical injury flowing from a discriminatory response to an IIA-compensable injury is permissible.

The injury in an LAD claim is the violation of the right to be free from discrimination. *Dean v. Municipality of Metro. Seattle-Metro*, 104 Wn.2d 627, 641, 708 P.2d 393 (1985). As explained in *Reese*, LAD compensates an employer's discriminatory response, not the employee's underlying disability. *Reese*, 107 Wn.2d at 574. Here the dignitary injury of discrimination has produced further physical injury; the discrimination acted as an intervening cause to cut off the arm of the IIA. *See Atlantic Mut. Ins. Co. v. Roffe, Inc.*, 73 Wn. App. 858, 872 P.2d 536 (1994) (deciding emotional distress in LAD handicap discrimination claim was separate injury from IIA-compensable injury imposing no insurer's duty to defend). As contemplated by *Reese*, the trial court satisfied the concern for double recovery by setting off the jury award by Plaintiff's IIA compensation. *See Reese*, 107 Wn.2d at 574.

Defendants mistakenly assert the Court of Appeals has applied the exclusivity bar to preclude physical injury damages in a discrimination claim in *Hinman v. Yakima Sch. Dist. 7*, 69 Wn. App. 445, 850 P.2d 536 (1993), *review denied*, 125 Wn.2d 1010 (1994). Rather, Hinman had originally sought physical injury damages not in her discrimination claim, but in a claim for failure to provide a safe and healthful workplace and then conceded dismissal after receiving IIA compensation for that injury. *Hinman*, 69 Wn. App. at 448. *Hinman* thus never considered the relation between the IIA and a claim for physical injury damages flowing from discrimination.

Our decision prevents an unnecessary conflict between the IIA and the LAD posed by giving preference to the IIA to deny a plaintiff the full remedies of the LAD, or to even bring an LAD claim at all. *See Reese*, 107 Wn.2d at 572-73. Assuring full recovery under the LAD likewise reflects the Legislature's high priority of eliminating workplace discrimination by providing an incentive for employers to accommodate disabled employees in safe positions. *See Xieng v. Peoples Nat'l Bank*, 120 Wn.2d 512, 521, 844 P.2d 389 (1993) (holding high purpose of LAD demands liberal interpretation); *Reese*, 107 Wn.2d at 573; *see also Jane Doe v. Boeing Co.*, 121 Wn.2d 8, 20, 846 P.2d 531 (1993) (requiring an employer to accommodate with position appropriate to disability).

Whether Plaintiff demonstrated a physical injury separate from her initial IIA-compensable injury was a question of fact for the jury. The trial court properly limited the damages by instructing the jury to award recovery only for injuries flowing from the discrimination. See instruction 13.

## II

### RECOVERY FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

■ Defendants' theory against Plaintiff's recovery for negligent infliction of emotional distress mirrors that

against recovery for physical injuries: that the IIA compensates emotional distress and thus precludes additional common-law damages. Although this court has yet to consider the issue, the Court of Appeals has employed the Reese separate injury analysis to recognize a common-law claim for negligent infliction of emotional distress arising from handicap discrimination or harassment. *Wheeler v. Catholic Archdiocese*, 65 Wn. App. 552, 566, 829 P.2d 196 (1992), *reversed in part on other grounds*, 124 Wn.2d 634, 880 P.2d 29 (1994) (on issue of offset); *see also Atlantic Mut. Ins. Co.*, 73 Wn. App. at 863-64; *Gast v. Department of Labor & Indus.*, 70 Wn. App. 239, 243-44, 852 P.2d 319 (holding stress caused by workplace rumors, innuendoes, and inappropriate comments is not IIA-compensable occupational disease), *review denied*, 122 Wn.2d 1024 (1993). We agree with the analysis in Wheeler and hold the IIA does not bar recovery for a separate emotional injury in a negligence action.

The IIA generally bars actions against employers for unintentional torts. RCW 51.24. At the same time, "Washington has long recognized that the [IIA] does not contemplate that an employee's common law remedy can be abolished without providing a substitute remedy". *McCarthy v. Department of Social & Health Servs.*, 110 Wn.2d 812, 817, 759 P.2d 351 (1988). The IIA does not compensate discrimination or verbal harassment; these claims fall outside the IIA bar. *Wheeler*, 65 Wn. App. at 566; *see Reese*, 107 Wn.2d at 569. As with her physical injuries, Plaintiff was free to demonstrate the verbal harassment caused emotional injury separate from any IIA-compensable injury. The trial court properly instructed the jury regarding this string of causation, thereby preventing any overlap with the IIA field of recovery. See instruction 22.

### III

#### DUTY OF REASONABLE ACCOMMODATION

Defendants claim the trial court erred by imposing on

Boeing an affirmative duty to ascertain the nature and extent of Plaintiff's disability. See instruction 13. We disagree.

■ The duty of an employer reasonably to accommodate an employee's handicap does not arise until the employer is "aware of respondent's disability and physical limitations". *Holland v. Boeing Co.*, 90 Wn.2d 384, 391, 583 P.2d 621 (1978); *accord*, Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5)(A) (Supp. V 1994) (requiring reasonable accommodation for "known" disabilities). The employee bears the burden of giving the employer notice of the disability. *Hume v. American Disposal Co.*, 124 Wn.2d 656, 672, 880 P.2d 988 (1994), *cert. denied*, 130 L. Ed. 2d 788 (1995). This notice then triggers the employer's burden to take "positive steps" to accommodate the employee's limitations. *Holland*, 90 Wn. 2d at 388-89.

Defendants argue the employee's notice burden includes informing the employer of the full nature and extent of the disability. On the contrary, the trial court's jury instruction essentially quoted this court's holding in *Dean*, where the employer failed reasonably to accommodate a handicapped employee "in that [the employer] treated him as any other job applicant, *did not determine the extent of his disability*, did not call him into the office to assist him in applying for other positions but left the initiative to him". (Italics ours.) *Dean*, 104 Wn.2d at 639; *see also Jane Doe v. Boeing Co.*, *supra* at 20 (describing duty of accommodation to include evaluation of potential positions in relation to employee's disability); *Curtis v. Security Bank*, 69 Wn. App. 12, 19, 847 P.2d 507 (requiring employer to determine whether open positions could accommodate employee's disability and to inform employee of potential risks), *review denied*, 121 Wn.2d 1031 (1993). The employee, of course, retains a duty to cooperate with the employer's efforts by explaining her disability and qualifications. *Dean*, 104 Wn.2d at 637-38. Reasonable accommodation thus envisions an exchange between employer and employee where each seeks and shares infor-

mation to achieve the best match between the employee's capabilities and available positions.

Despite Defendants' protestations, the employer's duty to determine the nature and extent of the disability does not impose an investigatory duty to question any employee suspected of a disability. The employer's duty to inquire arises only after the employee has initiated the process by notice and extends only to assuring the employer sufficient information to accommodate the disability. *Hume*, 124 Wn.2d at 672. We hold the trial court properly stated the employer's duty of reasonable accommodation.

## IV
### FEES AND EXPENSES

Plaintiff requests attorney fees and expenses on review pursuant to RCW 49.60.030(2). As the prevailing party, Plaintiff is entitled to attorney fees and expenses. *Xieng*, 120 Wn.2d at 533.

DURHAM, C.J., and SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, and TALMADGE, JJ., concur.