131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry LUCAS, Plaintiff-Appellee,
v.
J.C. PENNEY COMPANY, INC., Defendant-Appellant.
 No. 96-35522.
 United States Court of Appeals, Ninth Circuit.
 Submitted** August 8, 1997.
Filed Nov. 21, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-93-01804-JCC; John C. Coughenour, District Judge, Presiding.
 Before: WRIGHT, D.W. NELSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 J.C. Penney appeals from a $1.5 million jury verdict in favor of Larry Lucas on his claims for a racially hostile work environment and negligent infliction of emotional distress. We affirm.
 
 
 3
 Penney contends that Washington does not recognize a cause of action for negligent infliction of emotional distress in the workplace. We disagree. In Goodman v. Boeing Co., 899 P.2d 1265, 1269 (Wash.1995), the Washington Supreme Court upheld a negligent infliction claim based on discrimination, specifically rejecting the defendant's argument that the state Industrial Insurance Act barred the claim. Id. at 1269. Birklid v. Boeing Co., 904 P.2d 278, 289 (Wash.1995), characterized Goodman as holding "that a claim for emotional distress was permissible" under the IIA. Goodman and Birklid persuade us that negligent infliction of emotional distress is a viable cause of action in Washington in the employment context.
 
 
 4
 For the reasons stated by the district court, we also conclude that Penney's reliance on Johnson v. Department of Social & Health Services, 907 P.2d 1223 (Wash.Ct.App.1996) is misplaced. In addition, we note that this case involves far more than a response to a mere workplace dispute. Id. at 1233 (citing Bishop v. State, 889 P.2d 959 (Wash.Ct.App.1995)). The trial revealed that Lucas was for years subjected to racial harassment by a coworker and that his complaints to management were unavailing.[1]
 
 
 5
 We discern no abuse of discretion in the denial of Penney's motion to amend the pretrial order to include its statute of limitations defense. The order was filed in June 1995, and in November 1995 the court granted Penney leave to amend on other grounds. Not until January 1996, on the morning of final argument, did Penney move to add the omitted defense. The district court was well within its discretion in denying this last-minute motion. See United States v. First National Bank of Circle, 652 F.2d 882, 886-87 (9th Cir.1981) (Schwarzer, J.); Jacobson v. Rose, 52 F.2d 515, 519 (9th Cir.1978) ("[D]elay in seeking amendment is a common reason for refusing leave.").
 
 
 6
 Nor were the court's evidentiary rulings an abuse of discretion. Townsend testified at trial, without objection, that "nigger" was not part of his natural vocabulary. His deposition testimony, that he had instructed his children "not to call niggers niggers," impeached him on this point. Strecker's testimony, that Bryan had told him that he thought Townsend was a racist, impeached Bryan's testimony that he had neither seen nor heard racist behavior by Townsend.
 
 
 7
 Finally, the court did not err by excluding evidence of Lucas's applications for social security benefits. Although these applications contained information arguably inconsistent with Lucas' employment application, the court could conclude that their potential for prejudice, i.e., suggesting to the jury that Lucas collected benefits from a collateral source, outweighed their probative value. This is particularly true here because the court permitted Penney to explore fully the inconsistencies between Lucas's testimony and his employment application.
 
 
 8
 AFFIRMED.
 
 
 9
 KOZINSKI, J., dissenting.
 
 
 10
 Washington allows a common law claim for negligent infliction of emotional distress in the employment context only when the plaintiff identifies harmful acts separate and distinct from those giving rise to a statutory discrimination claim. Because Lucas has not identified any such acts, I dissent.
 
 
 11
 When a plaintiff sues for discrimination pursuant to Washington's Law Against Discrimination, Wash. Rev.Code § 49.60, he may normally recover damages for emotional distress. See Goodman v. Boeing Co., 899 P.2d 1265, 1269 (Wash.1995); Dean v. Municipality of Metro. Seattle, 708 P.2d 393, 400 (Wash.1985). Accordingly, Lucas was properly allowed to argue that he should be compensated for any emotional distress J.C. Penney's discriminatory acts may have caused him.
 
 
 12
 Negligent infliction of emotional distress, however, is a separate common law tort. See Hunsley v. Giard, 553 P.2d 1096, 1103 (Wash.1976). Allowing a separate claim for the same acts that gave rise to statutory liability would impose double recovery for emotional distress in every discrimination case. Accordingly, "a separate claim for emotional distress is not compensable when the only factual basis for the emotional distress was the discrimination claim." Chea v. Men's Wearhouse, Inc., 932 P.2d 1261, 1265 (Wash.Ct.App.1997).
 
 
 13
 Nothing in the record suggests that Lucas's emotional distress was caused by a separate act, i.e., anything other than the hostile work environment which led to his racial discrimination claim.[1] Lucas concedes as much: "The emotional distress attributable to the simple negligence of management is inextricable from the their [sic] failure to take prompt remedial action in response to Plaintiff's complaints of harassment." Brief for Appellee at 43. Because Lucas failed to identify a separate factual basis, his claim for negligent infliction of emotional distress should not have been submitted to the jury.[2] I would remand for a new trial on the racial discrimination claim alone.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Chea v. Men's Wearhouse, Inc., 932 P.2d 1261 (Wash.Ct.App.1997), decided while this appeal was pending, does not persuade us that the district court erred. Chea clearly recognizes that such claims exist, id. at 1264-65, and holds only that a plaintiff cannot recover twice (once for discrimination and once for negligence) for the same emotional distress. See id. at 1265 ("We agree with the Johnson court's holding that a separate claim for emotional distress is not compensable when the only factual basis for the emotional distress was the discrimination claim" on which the plaintiff had also prevailed.) (emphasis added)
 
 
 [1]
 Routine discipline of an employee is not a basis for an emotional distress claim. See Chea, 932 P.2d at 1265; Bishop v. State, 889 P.2d 959, 963 (Wash.Ct.App.1995). Rather, such a claim may arise when the employer exceeds the reasonable level of discipline which normally accompanies the workplace. See, e.g., Chea, 932 P.2d at 1263 ("When Chea said he did not know it was his 'up' (turn to sell), Morris grabbed him by the lapels and said 'I don't give a fuck whose fucking up it is, I want a customer taken care of.' ")
 
 
 [2]
 Lucas argues that because substantial evidence supported Lucas's hostile environment claim, the general verdict may stand. See Kern v. Levolor Lorentzen, Inc., 899 F.2d 772, 777 (9th Cir.1990). But if a claim is legally erroneous (not just supported by insufficient evidence) a general verdict which potentially rests on that claim must be reversed. Sunkist Growers, Inc. v. Winckler & Smith Citrus Prods., 370 U.S. 19, 30 (1962). "[W]here there is an error of law in submitting one of a number of theories to the jury, the general jury verdict is tainted because it is impossible for the reviewing court to determine with certainty whether the theory upon which the jury based its verdict is a proper theory." Counts v. Burlington N. R.R., 952 F.2d 1136, 1140 (9th Cir.1991)