[No. 25125-6-II. Division Two. February 15, 2001.]

DAVID A. WURZBACH, *Appellant*, v. THE CITY OF TACOMA, *Respondent*.

*David B. Condon* (of *Welch & Condon*), for appellant.

*Robin S. Jenkinson, City Attorney,* and *Shelley M. Kerslake, Assistant,* for respondent.

ARMSTRONG, C.J. — David Wurzbach was diagnosed with leukemia, and his doctor recommended limited public contact. His job with the City of Tacoma required substantial public contact, so the City accommodated the disability by creating a position that required limited public contact. When another position became available that required significant public contact, the City decided that Wurzbach was not a potential candidate because of his disability. But, unknown to the City, Wurzbach's leukemia was then in remission and public contact was no longer a threat to his health. Wurzbach sued for disability discrimination, the trial court dismissed his claim, and he now appeals. We affirm, holding that the City had no obligation to consider Wurzbach for another position until he gave notice that his disability was no longer a consideration in his employment.

## FACTS

David Wurzbach worked for the City of Tacoma at its building permit counter, a position that required significant public contact. After Wurzbach was diagnosed with leukemia in 1993, he submitted a letter from his doctor recommending that, to minimize the risk of infection, he "not be forced to work directly with the public." Clerk's Papers at 15. The City looked for positions to accommodate Wurzbach's condition and, when it found none, it created a position for him that involved minimal public contact. Later Wurzbach told his immediate supervisor that his leukemia was in remission, but Wurzbach did not advise the personnel office of the remission or that he wanted to be considered for positions that involved public contact.

In 1995, a temporary promotion that Wurzbach was eligible for became available in another department. The City maintained a listing of eligible candidates for particu-

lar positions, and Wurzbach was the only person on the list for this position. An administrative manager decided that Wurzbach was not a potential candidate because of the doctor's letter in his file recommending limited public contact. The temporary position required significant public contact. The City never notified Wurzbach about the position and, thus, he did not apply for it. When he learned of this, Wurzbach sued the City for disability discrimination.

After a bench trial, the trial court dismissed Wurzbach's claim, concluding that the City acted reasonably and did not unlawfully discriminate. The court also ruled that the City had no duty to continually inquire whether Wurzbach's disability continued; rather, Wurzbach had a duty to notify the City of any change in his disability that would allow him to increase his public contact.

## ANALYSIS

### I. Standard of Review

■■ Wurzbach does not assign error to any of the trial court's findings; thus, they are verities. *See Davis v. Dep't of Labor & Indus.*, 94 Wn.2d 119, 123, 615 P.2d 1279 (1980); RAP 10.3(g). Wurzbach does challenge the court's conclusions, raising essentially the question of whether the City had the duty to "inquire concerning an employee's ongoing medical condition (handicap), prior to determining that he was not an appropriate candidate for a new position." Br. of Appellant at 2-3. This is a legal question, which we review de novo. *Bishop v. Miche*, 137 Wn.2d 518, 523, 973 P.2d 465 (1999).

### II. Disability Discrimination

■ Washington's law against discrimination protects employees from discrimination based on a disability. RCW 49.60.030(1). Under this law, "[i]t is an unfair practice for any employer . . . [t]o discriminate against any person in compensation or in other terms or conditions of employ-

ment because of . . . the presence of any sensory, mental, or physical disability." RCW 49.60.180. To establish a prima facie case of disability discrimination, an employee "must prove that he or she is handicapped, that he or she had the qualification required to fill vacant positions, and that the employer failed to take affirmative measures to make known such job opportunities to the employee and to determine whether the employee was in fact qualified for those positions." *Dean v. Municipality of Metro. Seattle*, 104 Wn.2d 627, 639, 708 P.2d 393 (1985).

■■ Wurzbach first argues that he notified the City of his changed disability status, pointing to his statement to his immediate supervisor that his leukemia was in remission. But Wurzbach never told anyone that he could accept a position that involved public contact or that he wanted to be considered for other positions. And, especially where a large employer is involved, as here, the employer should not be charged with knowledge of the status of the employee's health when the employee casually notifies a supervisor who is not responsible for hiring or job transfers. We hold that Wurzbach did not give sufficient notice to the City that his disability had improved and that he could be considered for public contact jobs. We next consider whether the City had a duty to monitor Wurzbach's medical condition.

Wurzbach argues that the City was obligated to investigate whether he was actually qualified for the temporary position that became available rather than relying on the doctor's letter in his file. The City argues that its obligation to Wurzbach ended when it created a position for him and that it did not have a continuing obligation to inquire about the status of Wurzbach's medical condition and notify him of future job openings.

When an employee notifies an employer that he has a disability, the employer has an obligation to reasonably accommodate an employee's disability by taking affirmative steps to find a suitable position. *Dean*, 104 Wn.2d at 639. Thus, "if a handicapped employee is qualified for a job within an employer's business, and an opening exists, the

employer must take *affirmative steps* to help the handicapped employee fill the position." *Clarke v. Shoreline Sch. Dist. No. 412*, 106 Wn.2d 102, 121, 720 P.2d 793 (1986). But "[t]he employee . . . retains a duty to cooperate with the employer's efforts by explaining her disability and qualifications." *Goodman v. Boeing Co.*, 127 Wn.2d 401, 408, 899 P.2d 1265 (1995) (citing *Dean*, 104 Wn.2d at 637-38). And the employee has a duty "to cooperate with the employer in the hunt for other suitable work by making the employer aware of his qualifications, by applying for all jobs which might fit his abilities and by accepting reasonably compensatory work he could perform." *Dean*, 104 Wn.2d at 637-38. "Reasonable accommodation thus envisions an exchange between employer and employee where each seeks and shares information to achieve the best match between the employee's capabilities and available positions." *Goodman*, 127 Wn.2d at 408-09. "The employer's duty to inquire . . . extends only to assuring the employer [has] sufficient information to accommodate the disability." *Goodman*, 127 Wn.2d at 409.

Wurzbach argues that the City violated WAC 162-22-090, which provides that employers relying on a doctor's opinion to determine whether a person can perform a job "are advised to provide the health care professional with the necessary information about the particular job and to inform the health care professional of the need for an individualized opinion." But the City had no reason to believe that it needed a doctor's opinion particular to this position. The letter in Wurzbach's file disapproved of public contact generally, and the open position required significant public contact. Thus, the medical information in Wurzbach's file disqualified him for the position.

Wurzbach concedes that the City reasonably accommodated his disability when he first reported it. And Wurzbach does not dispute that, when he had the disability, the City was not obligated to offer him the new position, which involved significant public contact. An employer does not discriminate illegally when it discriminates based on a

disability that "prevents the proper performance of the particular worker involved." RCW 49.60.180(1); *Stieler v. Spokane Sch. Dist. No. 81*, 88 Wn.2d 68, 74, 558 P.2d 198 (1977) ("There is no civil rights violation in denying a job to a person who is not qualified to perform it."). Thus, the only question is whether the City discriminated against Wurzbach by failing to inquire about the status of his disability when the new position arose.

The employee bears the initial burden of notifying the employer of a disability. *Goodman*, 127 Wn.2d at 408. And the employee seeking an accommodation must explain his or her disability and qualifications. *Goodman*, 127 Wn.2d at 408; *Dean*, 104 Wn.2d at 637-38. The employer has a duty to acquire enough information to accommodate the employee's disability. *Goodman*, 127 Wn.2d at 409. But the employer has no duty to investigate by questioning any employee suspected of a disability. *Goodman*, 127 Wn.2d at 409. Under the *Goodman* mutual cooperation scheme, we hold that an accommodated employee whose disability subsides must, if he then desires a promotion to a job that the disability would have precluded, formally notify the employer of the change in his disability status. This is sensible and practicable. The employee has ready access to his medical providers and will be the first to know of any improvement. The employer, in contrast, does not have firsthand knowledge and does not have ready access to the employee's medical providers. Indeed, the employee's medical records would most likely be protected by privilege. *See* RCW 5.60.060(4).

This holding also fits *Goodman*'s allocation of duties, particularly that of requiring the employee to initially report any disability. If the duty to report a disability rests with the employee, the duty to report any clearing of the disability should also rest with the employee. We hold that the City acted reasonably and did not discriminate against Wurzbach by not considering him a candidate for the

temporary position. Accordingly, the trial court's conclusions of law were proper.

Affirmed.

MORGAN and SEINFELD, JJ., concur.

Reconsideration denied April 3, 2001.

Review denied at 144 Wn.2d 1017 (2001).