**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYNTHIA STEWART, | No.    17-35557 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-00020-JCC |
| v. | |
| SNOHOMISH COUNTY PUBLIC UTILITY DISTRICT NO. 1, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| CYNTHIA STEWART, | No.    17-35579 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:16-cv-00020-JCC |
| SNOHOMISH COUNTY PUBLIC UTILITY DISTRICT NO. 1, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 11, 2018
Seattle, Washington

Before:  N.R. SMITH and CHRISTEN, Circuit Judges, and PAYNE,[**] District Judge.

Snohomish County Public Utility District No. 1 ("PUD") appeals the district court's entry of judgment following a bench trial in favor of Cynthia Stewart on Stewart's claims under the Washington Law Against Discrimination ("WLAD") for disability discrimination and failure-to-accommodate.  Stewart cross-appeals the district court's entry of judgment in favor of PUD on her claims under the Family and Medical Leave Act ("FMLA") and its state counterpart, the Washington Family Leave Act ("WFLA").  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      Whether an employee has a disability entitling her to protection under the WLAD is a question of fact, *Phillips v. City of Seattle*, 766 P.2d 1099, 1103 (Wash. 1989), which we review for clear error, *Saltarelli v. Bob Baker Grp. Med. Tr.,* 35 F.3d 382, 384 (9th Cir. 1994) (citing Fed. R. Civ. P. 52(a)).  The district court found that Stewart's chronic and debilitating migraines are a "disability" for purposes of the WLAD, Wash. Rev. Code § 49.60.040(7)(a).

---

[**]      The Honorable Robert E. Payne, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

Under Washington law, WLAD protections can extend to side effects of a prescription drug, *see Clipse v. Commercial Driver Servs., Inc.*, 358 P.3d 464, 473 (Wash. Ct. App. 2015), and to "[c]onduct resulting from the disability," *Gambini v. Total Renal Care, Inc.*, 486 F.3d 1087, 1093 (9th Cir. 2007) (quoting *Riehl v. Foodmaker, Inc.*, 94 P.3d 930, 938 (Wash. 2004)). Based on the record, the district court concluded that Stewart's migraine treatment caused her to exhibit signs of impairment while at work, and that this impairment was disability-related conduct protected by the WLAD.

Thus, the district court did not clearly err in determining that Stewart was fired for showing signs of impairment at work, and that firing constituted disability discrimination.

2. The district court correctly rejected PUD's three affirmative defenses. First, PUD argues it was entitled to a "good faith" affirmative defense. *See Fulton v. State, Dep't of Soc. & Health Servs.*, 279 P.3d 500, 513 (Wash. Ct. App. 2012). But *Fulton* does not create a "good faith" affirmative defense independent of the *McDonnell Douglas* framework for discrimination claims. *Id.* An "employee's showing of pretext [is] irrelevant once all the evidence is in." *Xieng v. Peoples Nat'l Bank of Wash.*, 844 P.2d 389, 394 (Wash. 1993) (quoting *Burnside v. Simpson Paper Co.*, 66 Wash. App. 510, 524 (1992).

3

Next, the availability of a "bona fide occupational qualification" ("BFOQ") affirmative defense is a question of fact. *See, e.g., Kries v. WA-SPOK Primary Care, LLC*, 362 P.3d 974, 993 (Wash. Ct. App. 2015). The district court concluded that PUD failed to prove its BFOQ defense because: (1) unrebutted testimony indicated that Stewart's position was not "safety-sensitive"; and (2) any impairment Stewart experienced was the temporary result of medical treatment—not an inherent quality rendering her incapable of performing her employment. The district court's determination was not clearly erroneous.

Finally, the district court did not err in concluding that the "business necessity" defense (if available under Washington law) failed, because its determination, that PUD failed to prove that Stewart's perceived impairment prevented her from properly performing her job, was not clearly erroneous.

3. The district court did not err in concluding that PUD failed to reasonably accommodate Stewart's disability. Whether an employer has breached its affirmative duty to accommodate—i.e., whether an accommodation is reasonable—is a question of fact, *Phillips*, 766 P.2d at 1103–04, entitled to deference, *Saltarelli*, 35 F.3d at 384. Here, the district court properly considered the nature and quality of the interactive process, and the substantive reasonableness of the accommodation itself. *See Goodman v. Boeing Co.*, 899 P.2d 1265,

4

1269–70 (Wash. 1995). The district court concluded that PUD did not engage in an interactive process, because it immediately pursued disciplinary action against Stewart for her signs of impairment even after she clearly communicated that she needed to receive injections. The district court did not err in rejecting the potential FMLA leave as a reasonable accommodation, because it found that Stewart faced pressure from PUD not to use her leave.

4. Stewart cross-appeals the district court's holding that PUD did not interfere with her rights guaranteed by the FMLA on two grounds. First, she argues that PUD violated the FMLA by terminating her employment rather than permitting her to use additional leave to which she was entitled. Stewart failed to raise this theory before the district court, arguing instead that PUD interfered with her FMLA rights by considering her leave as a negative factor in its decision to discipline and terminate her. We therefore decline to address this issue. *See A-1 Ambulance Serv., Inc., v. Cty. of Monterey*, 90 F.3d 333, 339 (9th Cir. 1996) (holding that for an argument to receive consideration on appeal, it must have been raised with sufficient clarity for the trial court to rule on it).

Second, Stewart argues that PUD interfered with her FMLA rights by using her leave as a negative factor in its decision to terminate her. *See Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1122 (9th Cir. 2001). The district court's

5

rejection of this argument was not the product of faulty legal reasoning, nor clearly erroneous factual findings. The district court stated the correct legal standard, concluding that Stewart "fail[ed] to show by a preponderance that the PUD used her taking of FMLA leave as a negative factor when it disciplined her in 2014 and fired her in 2015." *Stewart v. Snohomish Cty. PUD No. 1*, 262 F. Supp. 3d 1089, 1108 (W.D. Wash. 2017). Even though Stewart presented evidence of her managers' displeasure with her leave, the court did not clearly err in determining that the leave was not a negative factor in the decision to discipline and terminate her. Such a finding is "plausible in light of the record viewed in its entirety," meaning "the appellate court cannot reverse even if it is convinced it would have found differently." *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002).

**AFFIRMED.**