**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHANNON ANDERSON SAEVIK, | No.   22-35023 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01992-JCC |
| v. | |
| SWEDISH MEDICAL CENTER; REBECCA J. DAY, Clinic Operations Manager, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted December 5, 2022
Seattle, Washington

Before:  McKEOWN, MILLER, and H.A. THOMAS, Circuit Judges.

Shannon Saevik appeals from the district court's order granting summary

judgment for Appellees Swedish Medical Center and Rebecca Day in this action

asserting federal and state claims of employment discrimination, retaliation, and

related torts. We have jurisdiction under 28 U.S.C. § 1291. "We review de novo

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the district court's grant of summary judgment." *Christian v. Umpqua Bank*, 984 F.3d 801, 808 (9th Cir. 2020). We affirm.

1. We affirm the district court's grant of summary judgment to Appellees on Saevik's claim of failure to accommodate under the Washington Law Against Discrimination (WLAD), Wash. Rev. Code §§ 49.60.010–525. To prevail, Saevik must show that she "cooperate[d] with the employer's efforts by explaining her disability and qualifications." *Goodman v. Boeing Co.*, 899 P.2d 1265, 1269 (Wash.), *as amended* (Sept. 26, 1995). Swedish policy required employees to submit medical documentation to Sedgwick, Swedish's third-party leave administrator, when making an accommodation request, and Saevik was told both by her supervisor and by human resources (HR) that she needed to go through Sedgwick to extend her work-from-home accommodation. Because Saevik never submitted the requested documentation to Sedgwick, she cannot prevail on her failure-to-accommodate claim. *Cf. Snapp v. United Transp. Union*, 889 F.3d 1088, 1103 (9th Cir. 2018) (holding that failure to follow an employer's instructions for submitting an accommodation request is evidence of failure to engage in the interactive process required by the Americans with Disabilities Act).

2. We affirm the district court's summary judgment for Appellees on Saevik's claim of a hostile work environment under the WLAD. In support of her claim, Saevik alleges that Day made derogatory comments to her in 2017 (before

2

Day became Saevik's supervisor), and that Day improperly accessed Saevik's medical records in violation of the Health Insurance Portability and Accountability Act (HIPAA). But the evidence suggests that Swedish took adequate remedial action to address any derogatory comments that Saevik brought to its attention, and Day's alleged HIPAA violations would not have constituted harassment "sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment." *Robel v. Roundup Corp.*, 59 P.3d 611, 617 (Wash. 2002) (quoting *Glasgow v. Georgia-Pacific Corp.*, 693 P.2d 708, 712 (Wash. 1985)). Nor would any other conduct alleged in this case, such as Day's unplugging Saevik's computer, meet that standard.

3. We affirm the district court's summary judgment for Appellees on Saevik's claims of disparate treatment under the WLAD, retaliation under the WLAD, common-law whistleblower retaliation, and wrongful discharge. We assume that Saevik has established a prima facie case for these claims. But Swedish presented a legitimate, non-discriminatory, and non-retaliatory reason for Saevik's termination—namely, timecard fraud. To prevail on her claims, therefore, Saevik would have to establish either that the asserted reason for her termination was pretextual or that "discrimination, retaliation, or violation of public policy also was a substantial motivating factor for the termination." *Mackey v. Home Depot*

*USA, Inc.*, 459 P.3d 371, 387 (Wash. Ct. App. 2020); *see also id.* at 381–82, 384–85.

Saevik has not presented evidence that would create a genuine dispute of fact on the issue of pretext. She alleges that Day made disparaging comments about her, but those alleged comments, while troubling, were made two years before the termination decision, so they are of minimal probative value. She also cites an email that appears to have been drafted for Day's signature on August 7, 2019. In that email, Saevik is criticized for her "grievances" and is described as a "drain on resources." But there is no evidence that Day ever sent the email. At most, the record shows that someone drafted the email on Day's behalf and that she considered sending it. But by itself, an unsent draft is not enough to allow a jury to conclude that Day bore any animus toward Saevik. Nor is there any indication that Day sought out the evidence of timecard fraud with the goal of getting Saevik fired; to the contrary, Day stated that she was reviewing a different employee's timekeeping records when she came across the video footage that implicated Saevik.

In addition, Day was not the ultimate decision maker. The termination decision was made by three people in the HR department, and there is no indication that any of the decision makers bore any animus toward Saevik. For Saevik to prevail, she would have to show that Day somehow influenced the

ultimate termination decision to a sufficient degree to have been a substantial factor in that decision. *See Mackey*, 459 P.3d at 386. The evidence in the record does not satisfy that standard.

4. We affirm the district court's summary judgment for Appellees on Saevik's Family and Medical Leave Act (FMLA) claim. First, Saevik alleges that Day unplugged her computer while she was working remotely and that this constituted FMLA interference. But Saevik does not support this claim with any legal analysis, and she admits that her computer was quickly reconnected. Second, Saevik offers only conclusory, uncorroborated statements as evidence that she was denied leave to which she was entitled under the FMLA. These statements, standing alone, are insufficient to create a genuine issue of material fact. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

5. Saevik also challenges several of the district court's discovery rulings. "A district court's discovery order is reviewed for abuse of discretion," *Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 537 (9th Cir. 2019), and a "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant," *Dichter-Mad Fam. Partners v. United States*, 709 F.3d 749, 751 (9th Cir. 2013) (quoting *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

First, Saevik has not shown that the exclusion of the collective bargaining agreement (CBA) from the deposition of Swedish's Rule 30(b)(6) representative prejudiced her. She has not identified any language in the CBA that would have authorized the unreported break that led to her termination.

Second, the district court did not abuse its discretion in denying Saevik's request for a discovery magistrate and attorney's fees. The district court explained that there was no need to appoint a discovery magistrate, as the court itself could handle any discovery disputes that might arise. As to fees, Swedish opposed Saevik's motion to compel the deposition of a Swedish representative on the ground that Saevik had already exhausted her ten depositions and would need leave from the district court to compel another deposition. The district court ruled that Saevik had not reached her deposition limit because Saevik's Rule 30(b)(6) depositions should be counted as a single deposition for purposes of the ten-deposition limit in Federal Rule of Civil Procedure 30(a)(2)(A)(i). The court explained, however, that because of the lack of controlling authority on the issue, "Defendants' failure to provide Plaintiffs with access to [the witness] was substantially justified," and Saevik therefore was not entitled to attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Neither decision was an abuse of discretion.

Third, Saevik challenges the June 4, 2021 and November 2, 2021 orders in a cursory fashion. "We will not manufacture arguments for an appellant, and a bare

6

assertion does not preserve a claim . . . ." *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

**AFFIRMED.**