NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMY KONDA,

Plaintiff - Appellant,

v.

UNITED AIRLINES, INC., a Delaware corporation,

Defendant - Appellee.

No. 23-4332

D.C. No.
2:21-cv-01320-KKE

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Submitted July 11, 2025[**]
Seattle, Washington

Before: GRABER, BEA, and BENNETT, Circuit Judges.

Plaintiff Amy Konda appeals from the summary judgment entered in favor

of Defendant United Airlines, Inc. in her employment discrimination action under

the Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

chapter 49.60. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Or. Nat. Desert Ass'n v. U.S. Forest Serv., 957 F.3d 1024, 1032 (9th Cir. 2020), and affirm.

1. Defendant is entitled to summary judgment as to Plaintiff's disability discrimination claim. A prima facie case for disability discrimination under WLAD requires Plaintiff to show that 1) she had a disability, (2) she was qualified to perform the functions of her job, and (3) she suffered an adverse employment action because of her disability. See Kastanis v. Educ. Emps. Credit Union, 859 P.2d 26, 30 (Wash. 1993) (adopting the burden-shifting test under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801 (1973)). Operating jet bridges was an essential function of Plaintiff's job as a customer service representative ("CSR"). CSRs were the only employees who were permitted to operate jet bridges, and the initial medical evidence submitted by Plaintiff's doctor clearly stated that she could "never" drive or operate equipment. Thus, according to the medical evidence available to Defendant, Plaintiff was not qualified to perform an essential function of her job, with or without accommodation. Washington law did not require Defendant to eliminate that job duty or to allow Plaintiff to operate it against medical advice. See Davis v. Microsoft Corp., 70 P.3d 126, 132–33 (Wash. 2003) ("Washington law does not require an employer to eliminate [an essential] job duty.").

Once Plaintiff presented Defendant with medical evidence stating that she could safely operate jet bridges so long as she carried a "go-bag," Defendant quickly granted her that accommodation. Plaintiff, thus, did not suffer any adverse employment action after showing that she was capable of operating jet bridges safely. We, therefore, affirm the district court as to Plaintiff's discrimination claim.

2. Defendant also is entitled to summary judgment as to Plaintiff's failure-to-accommodate claim. To prevail, Plaintiff must show (1) that she had a disability, (2) that she was qualified to perform the essential functions of her job, (3) that Defendant had notice of her disability and her limitations, and (4) that Defendant failed to adopt available measures that were medically necessary to accommodate Plaintiff's disability. Id. at 131. For the same reasons as above, Plaintiff's accommodation claim fails. It was Plaintiff's duty to explain "her disability and qualifications." Goodman v. Boeing Co., 899 P.2d 1265, 1269 (Wash. 1995). Once Plaintiff presented Defendant with a reasonable accommodation that would allow her to continue working, Defendant worked quickly to grant it.

3. Finally, Plaintiff does not challenge the district court's grant of summary judgment on her retaliation claim and, accordingly, we do not consider it.

**AFFIRMED.**