[No. 17070-5-III.   Division Three.   November 17, 1998.]

DOLORES CHRISTIANO, ET AL., *Appellants*, v. SPOKANE COUNTY HEALTH DISTRICT, *Respondent*.

*Stephen R. Matthews* of *Phillabaum & Ledlin*, for appellants.

*Michael J. McMahon* and *Susan W. Troppman* of *Etter, McMahon & Lamberson*, for respondent.

BROWN, J. — Dolores Christiano sued Spokane County Health District (SCHD) for failure to accommodate her claimed handicap and for breach of contract related to SCHD's written policies. Because reasonable minds could reach but one conclusion that SCHD accommodated her disputed handicap and did not breach any promise in SCHD's written policies, we affirm the trial court's grant of summary judgment dismissing her case.

## FACTS

In May 1992, Mrs. Christiano was hired as a full-time Clerk Typist II in the Environmental Health Department of the SCHD. At the time, the department was experiencing internal problems. Specifically, Mrs. Christiano complained to her manager about excessive calls, a noisy work environment and a difficult supervisor. Subsequently, SCHD installed a new telephone system, moved her to a new cubicle and changed Mrs. Christiano's supervisor.

At some point, Mrs. Christiano's counselors diagnosed her with generalized anxiety disorder and adjustment disorder with anxious mood as a result of job stress. Her physician diagnosed her with Situational Adjustment Reaction with Anxiety and Depression Symptoms. SCHD disputes that the condition described is a handicap and refers to her complaints as job stress.

SCHD granted a leave of absence to Mrs. Christiano in response to her request in July 1993 until late August; about the same time her counselor recommended she be transferred out of the department upon returning to work. In September 1993, SCHD offered to transfer Mrs. Christiano to the Community and Family Services Division. However, she declined, citing worries over continuation of the position, even though Shari Yamane, the Human Resource Manager, and Sue Sackman, the Division Manager, both reassured her that funding was secure. In December 23, 1994, Mrs. Christiano took leave under the Family Medical Leave Act (FMLA). When she exhausted her time under the FMLA, SCHD granted her an additional six months of extended disability leave.

Prior to taking FMLA leave, Mrs. Christiano was given a copy of the Personnel/Employee Activity Policy. This policy provides that employees will be given the same or equivalent position with equivalent benefits and pay upon returning from FMLA leave. Relative to the additional six months, SCHD has a different policy for employees returning from extended disability leave. This policy provides that returning employees will be placed in the "same or similar position" at the same pay range.

While on FMLA leave, SCHD sent a bulletin of job listings to Mrs. Christiano. The following month, Shari Yamane, the Human Resource Manager, contacted Mrs. Christiano and encouraged her to call the SCHD's job-hot-line and apply for positions of her choosing. Mrs. Christiano ultimately selected a part-time position at the same pay range at the end of her leave, although she preferred full-time work. Four months later, she was transferred to a full-time position.

After securing full-time employment, the Christianos filed a complaint against SCHD, alleging a disability, failure to reasonably accommodate the disability, and breach of contract. They claimed damages for lost wages and benefits, emotional distress and loss of consortium. Following discovery, SCHD moved for and was granted summary judgment. Reconsideration was denied. This appeal followed.

## ANALYSIS

■ A. Issue and Standard of Review. The sole issue on review is whether the trial court erroneously granted the SCHD's motion for summary judgment. The appellate court reviews a summary judgment order de novo and therefore engages in the same inquiry as the trial court. *Chen v. State*, 86 Wn. App. 183, 187, 937 P.2d 612, *review denied*, 133 Wn.2d 1020 (1997). Summary judgment is appropriate if, after viewing the pleadings and record and drawing all reasonable inferences in favor of the nonmoving party, it finds there is no genuine issue of material fact. *Higgins v. Stafford*, 123 Wn.2d 160, 168-69, 866 P.2d 31 (1994). When reasonable minds could reach but one conclusion regarding claims of disputed facts, such questions may be determined as a matter of law. *Ruffer v. St. Frances Cabrini Hosp.*, 56 Wn. App. 625, 628, 784 P.2d 1288, *review denied*, 114 Wn.2d 1023 (1990). The purpose of summary judgment is to avoid a useless trial. *Olympic Fish Prods., Inc. v. Lloyd*, 93 Wn.2d 596, 602, 611 P.2d 737 (1980).

■ Mrs. Christiano contends the court erred in concluding there were no material facts in dispute regarding whether the SCHD reasonably accommodated her condition. An employee must show (1) handicap; (2) qualifications to fill a vacant position with the employer; and (3) the employer's failure to reasonably accommodate the handicap. *Reese v. Sears, Roebuck & Co.*, 107 Wn.2d 563, 579, 731 P.2d 497 (1987), *overruled on other grounds by Phillips v. City of Seattle*, 111 Wn.2d 903, 766 P.2d 1099 (1989). Her qualifications are not in dispute.

■ Although the initial issue may appear to be whether

Mrs. Christiano's claimed condition was a handicap, principles of judicial restraint dictate that when one issue is dispositive, we should refrain from reaching other issues that might be presented. *State v. Peterson*, 133 Wn.2d 885, 948 P.2d 381 (1997) (Talmadge, J. concurring) (citing *Manning v. Upjohn Co.*, 862 F.2d 545, 547 (5th Cir. 1989)). Appellate courts need not decide a case on grounds different from the trial court if the record is sufficient. *State v. Grundy*, 25 Wn. App. 411, 415-16, 607 P.2d 1235 (1980), *review denied*, 95 Wn.2d 1008 (1981). In light of these principles, we first decide whether SCHD accommodated Mrs. Christiano for the disputed handicap without deciding the handicap issue.

■ B. Accommodation. Employers have an affirmative obligation to reasonably accommodate the disability of an employee unless the employer can demonstrate that the accommodation would cause undue hardship on the employer's business. *Doe v. Boeing Co.*, 121 Wn.2d 8, 18, 846 P.2d 531 (1993) (citing WAC 162-22-080). "Reasonable accommodation thus envisions an exchange between employer and employee where each seeks and shares information to achieve the best match between the employee's capabilities and available positions." *Goodman v. Boeing Co.*, 127 Wn.2d 401, 408-09, 899 P.2d 1265 (1995).

Here, Mrs. Christiano voiced her concerns to her manager and the human resource manager. In response, SCHD installed a new telephone system, moved her cubicle and changed her supervisor. Furthermore, it granted all of Mrs. Christiano's leave requests, informed her of job openings and offered her a transfer, which she rejected over assurances that funding for the position was not in jeopardy. SCHD also placed Mrs. Christiano in a part-time position at the same pay range when she ended her extended disability leave and transferred her to a full-time position within four months. The record reveals no reasonable basis to believe the employer acted in an untimely fashion or that more could have been done to accommodate her. Based on these actions, reasonable minds could reach but one

conclusion, that SCHD reasonably accommodated Mrs. Christiano's disability. The trial court did not err when granting summary judgment on this basis. Because of the dispositive effect of our decision, we need not reach the handicap contentions.

C. Breach of Contract. Next, the Christianos allege the court erred by dismissing their breach of contract claim. Specifically, they contend there are material facts in dispute regarding whether SCHD made a specific promise, whether Mrs. Christiano justifiably relied on the promise and whether the promise was breached.

■ An employer and employee can contractually obligate themselves under provisions in an employee policy manual. *DePhillips v. Zolt Constr. Co.*, 136 Wn.2d 26, 34, 959 P.2d 1104, 1109 (1998) (citing *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 228-29, 685 P.2d 1081 (1984)). There are two distinct theories an employee can argue to enforce promises based on employer policies: contract and justifiable reliance. *DePhillips*, 136 Wn.2d at 34. Contracts require offer, acceptance and consideration. *Id.* at 36. The Christianos fail to address these elements in their brief. In any event, an employer's written promise, alone, is insufficient to constitute a contract containing all the essential elements of a contract. *Id.* at 36-37.

Because Mrs. Christiano did not return to work after her FMLA leave and additional leave was extended to her under SCHD's written policy, its provisions are applicable. The question therefore becomes whether she returned to the same, or a similar position. The record indicates SCHD placed her in a similar part-time position at the same pay range when she made herself available to work. It then transferred her to a similar full-time position within four months. Reasonable minds could reach but one conclusion, that SCHD fulfilled its written policy. Accordingly, the trial court did not err in dismissing the Christianos' breach of contract claim.

## CONCLUSION

We hold the trial court did not err when granting sum-

96

mary judgment to SCHD because reasonable minds could reach but one conclusion that the alleged handicap was accommodated and that SCHD fulfilled the terms of its written policy. Since the trial court correctly dismissed the Christianos' claims in summary judgment, their request for attorney fees is denied.

Affirmed.

SWEENEY and KATO, JJ., concur.

Reconsideration denied December 23, 1998.