40 P.3d 686 (2002)
110 Wash.App. 265
Earl WILSON, Appellant,
v.
WENATCHEE SCHOOL DISTRICT, Respondent.
No. 19143-5-III.
Court of Appeals of Washington, Division 3, Panel Ten.
February 19, 2002.
*687 Steven C. Lacy, Lacy & Kane, East Wenatchee, for Appellant.
Steven Goldstein, Betts, Patterson & Mines, Seattle, for Respondent.
BROWN, J.
Earl Wilson, an elementary teacher for the Wenatchee School District (District), experienced severe stress working under his supervising principal. Mr. Wilson's stress was diagnosed as Generalized Anxiety Disorder related solely to his specific work site supervision. Mr. Wilson requested transfer away from his supervisor as an accommodation after announcing his intent to take an extended leave of absence. After two academic years, and the intervening facts discussed below, Mr. Wilson was placed to his satisfaction at a different school under a different supervisor. Then, Mr. Wilson sued the District for handicap discrimination in failing to accommodate his alleged disability. The superior court granted summary judgment dismissal based on the District's motion that alleged Mr. Wilson was not handicapped under chapter 49.60 RCW, or, if so, he was reasonably accommodated. Mr. Wilson appealed. We affirm on the basis of the accommodation issue.

FACTS
After a number of years teaching in the District, Earl Wilson was transferred for the 1993-1994 school year to an elementary school where his immediate supervisor was the school's principal, Wes Snow. Mr. Snow's teaching evaluations of Mr. Wilson the first year were entirely satisfactory, but were partly unsatisfactory during the 1994-1995 school year. Mr. Wilson began experiencing severe stress that he attributed to Mr. Snow.
Mr. Wilson then consulted a psychologist, Dr. G. Clell France, who diagnosed Mr. Wilson as having "Generalized Anxiety Disorder, DSM IV 300.02." Clerk's Papers at 144. Dr. France recommended Mr. Wilson take an extended leave of absence from teaching. Mr. Wilson did request, and was granted, a leave of absence from February 28, 1995 to the end of the school year. The District later asked Mr. Wilson if he wanted to return to teaching for the following school year.
In April 1995, Mr. Wilson responded, and following the advice of Dr. France, asked to be transferred to a middle school. The District replied that it was unable to accommodate his transfer request at that time, apparently due to the unfavorable evaluation from Mr. Snow and a lack of available positions, but that it would keep his name on its transfer list. In August 1995, Mr. Wilson asked, and was granted, a leave of absence for the 1995-1996 school year.
In January 1996, Mr. Wilson wrote a letter to the District expressing his intention to return to teaching in the 1996-1997 school year. The District offered Mr. Wilson a position teaching at a middle school for the 1996-1997 school year. In June 1996, Mr. Wilson believing himself unqualified, and *688 again supported by Dr. France, chose not to accept the position due to fear the position would increase his stress. Mr. Wilson asked for, and received, another leave of absence for the 1996-1997 school year. The June 1996 letter indicated the leave was necessary unless the District had a position he was more qualified to fill. The record does not disclose whether any positions became available that Mr. Wilson was more qualified to fill during the 1996-1997 school year.
In September 1996, Mr. Wilson filled out a District information form expressing his availability for substitute teaching for all grades during the 1996-1997 school year. The record is unclear whether he performed any substitute teaching that year. In January 1997, Mr. Wilson stated his intent to return for the 1997-1998 school year.
In the spring of 1997, the District assigned Mr. Wilson back to his previous teaching position under Mr. Snow for the 1997-1998 school year. Mr. Wilson declined the assignment because he would have to work under Mr. Snow again. In August 1997, after discussions with Mr. Wilson about his future, the District presented Mr. Wilson a proposed agreement that would have him resign as a full-time teacher and continue as a substitute teacher for the next three academic years. On the advice of counsel, Mr. Wilson refused to sign the agreement. In September 1997, through counsel, Mr. Wilson then advised the District for the first time since he requested a middle school position that he was willing to accept any other lower grade assignment than one under Mr. Snow.
In November 1997, the District offered, and Mr. Wilson accepted, a full-time position as an instructor in its Solutions Program aimed at helping school dropouts. Mr. Wilson's subsequent evaluations indicate he is highly successful there.
In October 1998, Mr. Wilson filed a complaint against the District alleging failure to accommodate handicap discrimination under chapter 49.60 RCW. The District successfully moved for summary judgment. The trial court dismissed Mr. Wilson's complaint.
Mr. Wilson then filed this appeal, which we stayed pending publication of the Washington Supreme Court's decision in Snyder v. Med. Serv. Corp., 145 Wash.2d 233, 35 P.3d 1158 (2001).

ANALYSIS
The issue is whether the trial court erred by deciding no material facts remained, granting summary judgment dismissal of Mr. Wilson's failure to accommodate handicap discrimination complaint, and concluding as a matter of law that he was not handicapped under chapter 49.60 RCW or, if so, was reasonably accommodated.
In reviewing an order of summary judgment, we engage in the same inquiry as the trial court. Pulcino v. Fed. Express Corp., 141 Wash.2d 629, 639, 9 P.3d 787 (2000). We will affirm a summary judgment if the pleadings, depositions, affidavits, and admissions, viewed in a light most favorable to the nonmoving party, show there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id.; CR 56(c).
Mr. Wilson asserts disability discrimination violating Washington's Law Against Discrimination (Act) chapter 49.60 RCW. The Act prohibits employer discrimination "against any person in compensation or in other terms or conditions of employment because of ... the presence of any sensory, mental, or physical disability[.]" RCW 49.60.180(3).
Mr. Wilson contends the District failed to accommodate his mental disability. "An employer's failure to reasonably accommodate the sensory, mental, or physical limitations of a disabled employee constitutes discrimination unless the employer can demonstrate that such accommodation would result in undue hardship to the employer's business." Pulcino, 141 Wash.2d at 639-40, 9 P.3d 787 (citing Snyder v. Med. Serv. Corp., 98 Wash.App. 315, 988 P.2d 1023 (1999), aff'd, 145 Wash.2d 233, 35 P.3d 1158 (2001)).
"An accommodation claim presents essentially two issues: (1) whether the employee was disabled or handicapped within the meaning of the Act; and (2) whether the *689 employer met its affirmative obligation to reasonably accommodate the handicap." Pulcino, 141 Wash.2d at 640, 9 P.3d 787 (citing Doe v. Boeing Co., 121 Wash.2d 8, 13-18, 846 P.2d 531 (1993); Snyder, 98 Wash. App. at 325-27, 988 P.2d 1023). Because the reasonable accommodation inquiry is dispositive, we will, in the interests of judicial restraint, decide this case on that issue alone. See Christiano v. Spokane County Health Dist., 93 Wash.App. 90, 93-94, 969 P.2d 1078 (1998) (declining to address existence of handicap when reasonable accommodation is dispositive issue).
Generally, an employer has "an affirmative obligation to reasonably accommodate the sensory, mental, or physical limitations of disabled employees unless the accommodation can be shown to impose an undue hardship on the employer's business." Snyder, 145 Wash.2d at 239, 35 P.3d 1158. The employer's duty to accommodate arises upon notification from the employee of the handicap. Pulcino, 141 Wash.2d at 643, 9 P.3d 787 (citing Snyder, 98 Wash.App. at 326, 988 P.2d 1023). "The employee has the burden of showing that a specific reasonable accommodation was available to the employer at the time the employee's physical limitation became known and that accommodation was medically necessary." Pulcino, 141 Wash.2d at 643, 9 P.3d 787. "The burden then shifts to the employer to show that the proposed solution is not feasible." Id. (citing MacSuga v. Spokane County, 97 Wash.App. 435, 442, 983 P.2d 1167 (1999)).
"An employer need not necessarily grant an employee's specific request for accommodation." Pulcino, 141 Wash.2d at 643, 9 P.3d 787. "Rather, an employer need only `reasonably' accommodate the disability." Id. (citing Snyder, 98 Wash.App. at 326, 988 P.2d 1023). "Reassignment is one method of accommodation." Pulcino, 141 Wash.2d at 643, 9 P.3d 787 (citing MacSuga, 97 Wash. App. at 442, 983 P.2d 1167). As the Pulcino court stated:
When an employee bases a claim on the employer's failure to reassign to a different position, the employee must prove that he or she was qualified to fill a vacant position, and that the employer failed to take affirmative measures to make such job opportunity known to the employee and to determine whether the employee was in fact qualified for such position.
Pulcino, 141 Wash.2d at 643-44, 9 P.3d 787 (citing Dean v. Municipality of Metro. Seattle, 104 Wash.2d 627, 637-39, 708 P.2d 393 (1985); Snyder, 98 Wash.App. at 325, 988 P.2d 1023; Hill, 97 Wash.App. at 668, 986 P.2d 137).
"Generally, whether an employer made reasonable accommodation or whether the employee's request placed an undue burden on the employer are questions of fact for the jury." Pulcino, 141 Wash.2d at 644, 9 P.3d 787 (citing Snyder, 98 Wash.App. at 327, 988 P.2d 1023). "However, certain types of requests have been found unreasonable as a matter of law." Id. (citing Snyder, 98 Wash. App. at 327-28, 988 P.2d 1023). By way of example, the Pulcino court noted that this court held "an employer's request for a new supervisor or a position with a new supervisor to accommodate her `emotional condition' was unreasonable as a matter of law." Pulcino, 141 Wash.2d at 644, 9 P.3d 787 (citing Snyder, 98 Wash.App. at 327-28, 988 P.2d 1023). The Supreme Court strongly endorsed this view when it affirmed Snyder. Snyder, 145 Wash.2d at 241, 35 P.3d 1158. The Snyder court reasoned an employee who could perform the essential functions of his or her job so long as the employee did not have to work under a particular supervisor "has no disability requiring accommodation." Id.
Here, Mr. Wilson's accommodation request is grounded on his desire to work under a different supervisor. But the District had no duty under the Act to accommodate Mr. Wilson's disability by transferring him to a position where he would work under a different supervisor. Snyder, 145 Wash.2d at 242, 35 P.3d 1158; Pulcino, 141 Wash.2d at 644, 9 P.3d 787. Accordingly, the District was entitled to summary judgment as a matter of law.
Affirmed.
KURTZ, C.J., and KATO, J., concur.