[No. 60693-0-I.   Division One.   April 6, 2009.]

*In the Matter of the Personal Restraint of* FRANK BANKS, *Petitioner.*

*Dana M. Lind* (of *Nielsen, Broman & Koch, PLLC*) and *Jennifer L. Dobson*, for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Ann M. Summers, Deputy*, for respondent.

¶1 BECKER, J. — In order to avoid the possibility of a "three-strikes" life sentence, petitioner Frank Banks pleaded guilty to two nonstrike charges and agreed to an exceptional sentence of 150 months. Five years later he filed the present collateral attack upon the sentence, alleging that prior California convictions were erroneously found comparable to Washington felonies and as a result his offender score was miscalculated. But the alleged error is not evident on the face of the judgment and sentence, nor is it shown by documents related to the plea. Because the judgment and sentence is valid on its face, Banks' petition is subject to the one-year time bar of RCW 10.73.090(1). Accordingly we dismiss it as untimely.

¶2 Banks was initially charged with second degree assault, indecent liberties, and first degree burglary. If Banks had been convicted on any one of these counts, it would have been his third strike and he would have received a mandatory sentence of life in prison without the possibility of parole.[1] Plea bargaining produced an agreement whereby the State agreed to charge less serious crimes that would not bring a life sentence, and Banks agreed to join the State in recommending an exceptionally high sentence for the less serious crimes. To carry out the agreement, Banks pleaded guilty to amended charges of third degree assault and residential burglary. A standard range sentence for the charges to which he pleaded guilty would have been 57 months at most. At sentencing in April 2002, the trial court imposed the agreed exceptional sentence of 150 months. The judgment and sentence was filed with the trial court on April 12, 2002. It became final on that date because Banks did not appeal. RCW 10.73.090(3).

¶3 Banks filed his first personal restraint petition in September 2004. He claimed that his exceptional sentence was invalid under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). This court dismissed the petition in 2005 after the Supreme Court determined

---

[1] RCW 9.94A.570 (Persistent Offenders).

that *Blakely* does not apply retroactively. *See State v. Evans*, 154 Wn.2d 438, 448, 114 P.3d 627 (2005).

¶4 Banks filed the current petition in October 2007. He now claims his sentence is unlawful to the extent that it is based on a miscalculated offender score. He asserts that his offender score was miscalculated because it includes out of state convictions that are not comparable to Washington felonies.

¶5 Out of state prior convictions may count in an offender score only if they are comparable to a Washington felony. RCW 9.94A.525(3). The State has the burden of proving comparability. *State v. Ford*, 137 Wn.2d 472, 480, 973 P.2d 452 (1999).

¶6 Banks contends the State failed to carry its burden. He seeks a remand for resentencing, citing *Ford*, 137 Wn.2d at 485 (where direct appeal shows that an incorrect offender score was used to calculate the standard range, resentencing is required even where the trial court imposed an exceptional sentence). Banks contends the trial court must at a minimum conduct a factual comparability hearing. This is the remedy that is granted on direct appeal where an out of state conviction for an offense defined more broadly than in Washington is included in an offender score, without defense counsel having required the State to present evidence of factual comparability. *State v. Thiefault*, 160 Wn.2d 409, 417 & n.4, 158 P.3d 580 (2007).

¶7 To obtain relief, a personal restraint petitioner has the burden of proving constitutional error that results in actual prejudice or nonconstitutional error that results in a miscarriage of justice. *In re Pers. Restraint of Brennan*, 117 Wn. App. 797, 802, 72 P.3d 182 (2003). A sentence that is based upon an incorrect offender score is a fundamental defect that inherently results in a miscarriage of justice. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 868, 50 P.3d 618 (2002). But there is a threshold issue of timeliness, and that issue is dispositive in this case.

¶8 Motions for collateral attack, including personal restraint petitions, will not normally be considered unless they are filed within one year of final judgment:

No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

RCW 10.73.090(1). Banks filed this petition more than five years after his judgment and sentence became final in April 2002.

¶9 Six statutory exceptions to the one-year time bar are set forth in RCW 10.73.100. Banks briefly argues that he should benefit from the exception that applies when the petition is based on an allegation that the sentence imposed was in excess of the court's jurisdiction. RCW 10.73.100(5). But making a mistake in calculating an offender score does not deprive a court of jurisdiction. *See In re Pers. Restraint of Vehlewald*, 92 Wn. App. 197, 200-01, 963 P.2d 903 (1998) (rejecting argument that jurisdiction of trial court is implicated if erroneous finding of same criminal conduct finding produces an incorrect offender score); *In re Pers. Restraint of Richey*, 162 Wn.2d 865, 872, 175 P.3d 585 (2008).

¶10 Banks primarily argues that the one-year statutory time bar does not apply at all because his judgment and sentence is invalid on its face. A facially invalid judgment and sentence may be challenged at any time. RCW 10.73.090(1). "Invalid on its face" means the judgment and sentence evidences the invalidity without further elaboration. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532, 55 P.3d 615 (2002).

¶11 The judgment and sentence shows the two crimes of which Banks was convicted: assault in the third degree and residential burglary. Banks' criminal history in appendix B includes five adult crimes from California and one adult crime from King County, Washington, all with different sentencing dates and cause numbers. The judgment and

sentence, under a heading labeled "Sentencing Data," shows that the assault conviction, based on an offender score of seven, had a standard range of 33 to 43 months. The residential burglary had a standard range of 43 to 57 months. Under the next heading, which is labeled "Exceptional Sentence," the judgment and sentence states that substantial and compelling reasons exist to justify a sentence above the standard range for both counts. The judgment and sentence imposes 150 months of confinement— 110 months for the residential burglary and 40 months for the assault, to run consecutively.

¶12 The judgment and sentence, appendix D, is the trial court's findings of fact and conclusions of law in support of the exceptional sentence. The findings narrate the terms of the plea agreement: three third-strike charges amended down to the two less serious crimes in exchange for Banks' agreement to recommend an exceptional sentence of 150 months. The findings describe the egregious nature of Banks' conduct and characterize it as deliberate cruelty. The court concludes that Banks agreed to the exceptional sentence "to avoid the presumptive sentence of life in prison without the possibility of parole, since either one of the three prior charges would have been his third 'strike' offense."

¶13 There are no findings addressing the comparability of the five prior California convictions to Washington felonies. But there is no legal requirement that information supporting a comparability analysis be included in a judgment and sentence. On the face of the judgment and sentence, including the list of Banks' prior convictions, there is no reason to doubt that the California convictions are comparable to Washington felonies.

¶14 Banks says that upon examination of the evidence before the sentencing court, we would find that the California statutes under which he was convicted were not offered into evidence, the comparable Washington statutes were not identified, and there was no indictment or other evidence of his actual conduct in California as would be

necessary to demonstrate factual comparability. But in an inquiry into facial validity, we do not examine the evidence in the record. We are concerned only with the judgment and sentence. *In re Hemenway*, 147 Wn.2d at 532. To examine the record as a whole would transform every personal restraint petition into a direct appeal. *See, e.g., In re Pers. Restraint of Davis*, 152 Wn.2d 647, 698, 101 P.3d 1 (2004) (" 'personal restraint petitions are not a substitute for appeal' " (quoting *In re Pers. Restraint of Mercer*, 108 Wn.2d 714, 720, 741 P.2d 559 (1987))).

¶15 In deciding whether a judgment and sentence arising from a plea is valid "on its face," we will consider documents signed as part of the plea agreement or incorporated into it as well as the judgment and sentence itself. *In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 718, 10 P.3d 380 (2000). Plea documents are "relevant only where they may disclose invalidity in the judgment and sentence." *In re Hemenway*, 147 Wn.2d at 533. Cases where plea documents have been relevant to establish facial invalidity include *In re Thompson*, 141 Wn.2d at 719 (judgment and sentence is invalid on its face where the documents signed as part of petitioner's plea agreement showed that he was charged with an offense that did not become a crime until nearly two years after the offense was committed) and *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 354, 5 P.3d 1240 (2000) (judgment is invalid on its face where the plea documents showed that some charges were filed after the statute of limitations had run).

¶16 Our record includes several plea-related documents. First is the 11-page statement of defendant on plea of guilty. In it, Banks states in his own words that he is pleading guilty "to take advantage of the State's plea and sentencing offer." This document contains Banks' plea to residential burglary and third degree assault "as charged in the 2nd Amended information." It also contains Banks' agreement that the judge may read "the certification for probable cause and/or the prosecutor's summary to determine the factual basis for this plea and at sentencing." And

it contains Banks' agreement that the prosecutor's statement of his criminal history is "correct and complete." We also have the plea agreement containing Banks' handwritten statement agreeing to "an exceptional sentence of 150 months."

¶17 Documents referred to by the defendant's statement on plea of guilty are also in the record: the second amended information, the certification for determination of probable cause, the prosecuting attorney's case summary, the "Prosecutor's Understanding of Defendant's Criminal History," and the State's sentence recommendation.

¶18 None of these plea-related documents provide a basis to doubt the legal or factual comparability of the California convictions. They provide no information as to the elements of the prior convictions or the factual basis for the prior convictions. At best, appendix B to the plea agreement identifies the section of the California penal code under which Banks was convicted in 1987 on a solicitation charge. But this reference is not sufficient to establish a lack of comparability because even if an analysis of the elements of that California crime showed that it was not legally comparable to any Washington felony, it would not rule out the possibility that the offense Banks committed was factually comparable. And none of the plea-related documents provide any factual information about Banks' actual conduct when he committed the California offense. Further elaboration would be necessary to show that any of his prior convictions were wrongly included in the offender score. Further elaboration is not permitted in a collateral attack where the petitioner is attempting to avoid the time bar by showing the judgment and sentence to be invalid on its face.

¶19 The State primarily requests that Banks' petition be dismissed as untimely because Banks has not shown the judgment and sentence to be invalid on its face. Alternatively, if this court were to reach the merits, the State argues that the petition should be dismissed because Banks waived any objection to the comparability of his California

convictions when he affirmatively agreed that the prosecutor's statement of his criminal history was correct and that his offender score was seven.

¶20 We do not reach the merits and therefore do not address Banks' argument disputing the State's contention that he made a waiver. Banks has not demonstrated that his judgment and sentence is invalid on its face. His petition is therefore untimely and must be dismissed.[2]

AGID and COX, JJ., concur.

_____

[2] The State also offers a third ground for dismissing Banks' petition: that it is a successive petition. Having concluded that Banks' petition is untimely, we need not consider this alternative ground for dismissal. *Cf. In re Pers. Restraint of Turay*, 150 Wn.2d 71, 87, 74 P.3d 1194 (2003).