240 P.3d 811 (2010)
SPOKANE COUNTY, a political subdivision of the State of Washington, Respondent,
v.
Kathy MIOTKE, an individual, Julia McHugh, an individual, Neighborhood Alliance of Spokane, and Pallisades Neighborhood, Appellants.
No. 28352-6-III.
Court of Appeals of Washington, Division 3.
October 12, 2010.
*812 Richard Kirk Eichstaedt, Center for Justice, Spokane, WA, for Appellants.
David W. Hubert, Attorney at Law, Spokane, WA, for Respondent.
Jerald R. Anderson, Attorney at Law, Atty. General's Ofc., Olympia, WA, for Other Parties.
BROWN, J.
¶ 1 The superior court reversed a Growth Management Hearings Board of Eastern Washington (Board) order, requiring Spokane County (County) to perform certain review requirements before reducing an existing urban growth area (UGA) boundary. The superior court based its decision on res judicata principles without reaching alternative theories to affirm. Kathy Miotke, Julia McHugh, Neighborhood Alliance of Spokane, and Palisades Neighborhood (collectively Ms. Miotke) appeal, contending res judicata does not apply. In response, the County raises several additional grounds to affirm the superior court's decision.[1] Agreeing with the trial *813 court that res judicata principles apply, we affirm the court's reversal of the Board's order, without need to resort to the County's additional grounds to affirm.

FACTS
¶ 2 In 2005, the County adopted two comprehensive plan amendments expanding the UGA boundary and adding property to the UGA in the west plains and the five mile areas of Spokane County. The Board concluded the County did not comply with Washington's Growth Management Act, (GMA), chapter 36.70A RCW, when it amended its comprehensive plan to expand its urban growth area. Spokane County v. Miotke, 144 Wash.App. 1045, 2008 WL 2224110, at *1 (May 29, 2008) (Miotke I).
¶ 3 The Board determined that the amendments were clearly erroneous acts. And, it ordered the County to update its capital facilities plan and analyze population and land quantity before it modified its UGA.
¶ 4 The County later repealed its amendments. Ms. Miotke previously appealed the County's amendment to this court. But, in Miotke I, this court deemed her appeal moot when the County repealed the amendments, essentially reverting to the prior compliant UGA boundaries. The County repealed the errant UGA amendments by adopting Resolution 07-0077. The purpose of Resolution 07-0077 was for, "the UGA to revert to its former state prior to the adoption of the amendments to which Petitioners objected." Clerk's Papers (CP) at 11.
¶ 5 In March 2007, the Board reviewed the repeal for GMA compliance without specifically identifying the repeal as Resolution 07-0077. In its order, the Board found, "[w]ith the repeal of the portions of the resolution which enlarged the UGA, the objected to action was removed and the County brought itself into compliance." CP at 270. Regarding unspecified development during the temporary span of the new UGA, the Board noted that any development in the previously expanded UGA was "not the subject of this case." CP at 197-98. Ms. Miotke unsuccessfully requested reconsideration.
¶ 6 Ms. Miotke appealed the Board's order to Thurston County Superior Court. But before the Thurston court issued an opinion, Ms. Miotke filed a second petition with the Board, alleging Resolution 07-0077 was noncompliant with the GMA.
¶ 7 In September 2007, ruling on Ms. Miotke's second petition, the Board changed its mind and found Resolution 07-0077 was noncompliant with the GMA and caused the County's comprehensive plan to be noncompliant with the GMA. In October 2007, the County appealed the second Board decision to the Spokane County Superior Court. Later that October, the parties obtained an agreed order from the Thurston County Superior Court, directing the Board to reconcile its disparate decisions and clarify its views; that order is stayed pending this appeal.
¶ 8 The County partly argued to the Spokane County Superior Court that Ms. Miotke's second petition to the Board should have been precluded based on res judicata principles. The Spokane court agreed that res judicata principles applied, noted Ms. Miotke had chosen as her remedy to appeal her first petition to the Thurston County Superior Court and that matter was still pending, and reversed the Board's decision that Resolution 07-0077 did not comply with the GMA. Ms. Miotke appealed.

ANALYSIS
¶ 9 The sole issue raised by Ms. Miotke is whether the Board's September 2007 order was barred by res judicata principles.
¶ 10 On review of a Board decision, we review the Board's findings of fact for substantial evidence and the Board's conclusions of law de novo. Stevens County v. Futurewise, 146 Wash.App. 493, 502, 192 P.3d 1 (2008). We sit in the same position as the superior court. King County v. Cent. Puget Sound Growth Mgmt. Hearings Board, 142 Wash.2d 543, 553, 14 P.3d 133 (2000).
¶ 11 Res judicata bars the relitigation of claims and issues that were litigated, or might have been litigated, in a prior action. Loveridge v. Fred Meyer, Inc., 125 *814 Wash.2d 759, 763, 887 P.2d 898 (1995). For res judicata to apply, a prior judgment must have the same (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made (identity of interest). Id. "[T]he res judicata test is a conjunctive one requiring satisfaction of all four elements." Hisle v. Todd Pac. Shipyards Corp., 151 Wash.2d 853, 866, 93 P.3d 108 (2004).
¶ 12 The doctrine does not apply if the claims are not the same. Causes of action are identical for res judicata if (1) prosecution of the later action would impair the rights established in the earlier action, (2) the evidence in both actions is substantially the same, (3) infringement of the same right is alleged in both actions, and (4) the actions arise out of the same nucleus of facts. Hisle, 151 Wash.2d at 866, 93 P.3d 108 (citing Rains v. State, 100 Wash.2d 660, 664, 674 P.2d 165 (1983)).
¶ 13 Here, the subject matter, persons and parties and the quality of the persons for whom the claim is made against are clear. What is disputed is the cause of action. In Ms. Miotke's first petition before the Board she litigated compliance with the GMA, as she did in her second petition. Ms. Miotke contends different issues or claims were addressed in the March 2007 and September 2007 orders, precluding res judicata. We disagree.
¶ 14 In her first petition, Ms. Miotke claimed the County was noncompliant with the GMA, arguing the expanded UGA amendments violated the County's comprehensive plan and the Board agreed that the amendments were clearly erroneous. The County repealed its amendments and we dismissed Ms. Miotke's prior appeal as moot. Meanwhile, Ms. Miotke was engaged in her appeal in Thurston County when she filed a second petition with the Board. Notably, when an appeal is pending, a party "is precluded by res judicata from starting a new action ... in hopes of obtaining a contrary result while the appeal is pending." City of Des Moines v. Personal Prop. Identified as $81,231 in U.S. Currency, 87 Wash.App. 689, 702-03, 943 P.2d 669 (1997).
¶ 15 While Ms. Miotke argues the subject matter of her second petition is different (i.e., the adoption of a UGA versus the withdrawal of the designation of a UGA) the subject matter involves claims and issues that were litigated, or might have been litigated in her first petition. The Board noted that it chose not to address concerns over development that already occurred in the questioned areas. The issue of whether Resolution 07-0077 was consistent with the GMA comprehensive plan requirements was squarely before the Board in Ms. Miotke's first petition, and decided. Prosecution of the second petition impaired the rights established in the first petition. The evidence in both actions is substantially the same, infringement of the same right is alleged in both actions (i.e. whether repeal of the amendments brought the County in compliance with the GMA), and the actions arise out of the same nucleus of facts. Notably, this court dismissed Ms. Miotke's appeal as moot once the County repealed its amendments. See Miotke I.
¶ 16 "`The general doctrine is that the plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.'" Hisle, 151 Wash.2d at 865, 93 P.3d 108 (quoting Schoeman v. N.Y. Life Ins. Co., 106 Wash.2d 855, 859, 726 P.2d 1 (1986)). While the Board did not specify the words, "Resolution 07-0077" in the March 2007 order, the point of the resolution was to repeal the amendments and the repeal of the amendments was the subject of the March 2007 order and the September 2007 order. Thus, Ms. Miotke's argument that Resolution 07-0077 was not addressed in March 2007 in the context of Spokane County's comprehensive plan is an argument of form over substance.
¶ 17 Conversely, res judicata is not intended "`to deny the litigant his or her day in court.'" Hisle, 151 Wash.2d at 860, 93 P.3d 108 (quoting Schoeman, 106 Wash.2d at 860, 726 P.2d 1). But Ms. Miotke and the *815 County have been litigating these issues for several years. Ms. Miotke has presented her concerns before the Board (repeatedly), this court (repeatedly), Thurston County Superior Court, and Spokane County Superior Court. Thus, Ms. Miotke has not been denied "her day in court." Hisle, 151 Wash.2d at 860, 93 P.3d 108. Notably, the res judicata doctrine is designed to discourage piecemeal litigation.
¶ 18 Accordingly, the Board's consideration of identical claims in March 2007 and September 2007 is barred by res judicata. Because resolution of the res judicata issue is dispositive, we, like the trial court, need not reach the County's additional grounds to affirm. See Christiano v. Spokane County Health Dist., 93 Wash.App. 90, 94, 969 P.2d 1078 (1998) ("principles of judicial restraint dictate that when one issue is dispositive, we should refrain from reaching other issues that might be presented.") And, appellate courts need not decide a case on grounds different from the trial court if the record is sufficient. Id. (citing State v. Grundy, 25 Wash.App. 411, 415-16, 607 P.2d 1235 (1980)).
¶ 19 Affirmed.
WE CONCUR: KULIK, C.J., and SIDDOWAY, J.
NOTES
[1] A commissioner of this court referred to the panel Ms. Miotke's motion to strike the County's additional arguments because it did not file a notice of cross review. A respondent may raise additional grounds to affirm as long as the arguments are not requests for affirmative relief. Washington Pub. Trust Advocates v. City of Spokane, 120 Wash.App. 892, 898, 86 P.3d 835 (2004). Here, the superior court reversed the Board's 2007 order. The County alleges additional reasons the order should be reversed, not affirmative relief. Moreover, this court may affirm the trial court on any basis supported by the record. Backlund v. Univ. of Wash., 137 Wash.2d 651, 670, 975 P.2d 950 (1999). Accordingly, the motion to strike is denied. Even so, as discussed below, we, like the trial court, do not reach the alternative grounds to affirm.