IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 83019-8-I |
| Respondent, | |
| v. | |
| EDWARD R. WHITTINGTON, AKA "CHICAGO," | UNPUBLISHED OPINION |
| Appellant. | |

BOWMAN, J. — The trial court granted Edward R. Whittington's CrR 7.8(b)(4) motion for resentencing to correct his offender score after our Supreme Court's decision in Blake.[1]  Whittington appeals the court's refusal to also determine whether his out-of-state convictions were comparable to Washington felonies while calculating his offender score at resentencing.  The court determined that the doctrine of res judicata barred Whittington from challenging comparability at resentencing.  We conclude that res judicata does not bar Whittington from challenging the comparability of his out-of-state convictions at resentencing because his original judgment and sentence is void under CrR 7.8(b)(4) and does not amount to a final judgment.  We reverse and remand for a full resentencing at which Whittington may challenge the comparability of his out-of-state convictions.

---

[1] State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021).

This opinion bases the citations and pin cites on the Westlaw online version of the cited material.

FACTS

A jury convicted Whittington of two counts of first degree rape in 2005. At sentencing, the State showed that Whittington had two prior convictions for possession of a stolen motor vehicle, two convictions for forgery, one conviction for theft, and three convictions for possession of a controlled substance. All but two of the convictions occurred in Illinois. Whittington agreed that his out-of-state convictions were comparable to felonies in Washington, so the court calculated his offender score as 8. Based on that offender score, the court "merge[d]" the two counts of rape in the first degree and sentenced Whittington to an indeterminate, concurrent, standard-range sentence of 250 months to life.

Whittington appealed his sentence. For the first time on appeal, Whittington argued that three of his out-of-state convictions[2] were not comparable to Washington felonies. We affirmed his offender score "[b]ecause Whittington affirmatively agreed with the State's characterization of his criminal history." State v. Whittington, noted at 142 Wn. App. 1026, 2008 WL 116270, at *2-*3.[3]

On July 12, 2021, in light of our Supreme Court's decision in Blake declaring the simple drug possession statute unconstitutional,[4] Whittington moved to be resentenced. He argued his sentence and judgment was void

---

[2] Two 1998 convictions for possession of a stolen motor vehicle and one 1993 conviction for theft.

[3] We also reversed the sentence on count II in violation of double jeopardy and directed the trial court to vacate that conviction on remand. Whittington, 2008 WL 116270, at *1-*2.

[4] Blake, 197 Wn.2d at 195.

under CrR 7.8(b)(4) because his offender score relied on three unconstitutional convictions for possession of a controlled substance. Whittington also asked to be resentenced because his out-of-state convictions for possession of a stolen vehicle and theft are not comparable to Washington felonies. The State agreed that Blake entitled Whittington to be resentenced but moved to transfer Whittington's comparability claim to the Court of Appeals as a personal restraint petition because that issue was time barred.

The trial court granted Whittington's CrR 7.8(b)(4) motion for resentencing, voiding the judgment and sentence. At resentencing, Whittington refused to stipulate to the comparability of his out-of-state convictions, asking the court to hold the State to its burden to "prove by a preponderance of the evidence the existence of prior convictions used to calculate [his] offender's score." But the court denied his "motion for the court to reconsider the non-[Blake] out of state convictions" based on res judicata. The court recalculated Whittington's offender score as 5 and imposed a standard-range sentence of 150 months.

Whittington appeals.

ANALYSIS

Whittington argues the trial court erred by refusing to engage in a comparability analysis of his out-of-state convictions when recalculating his offender score at resentencing. We agree.[5]

_____

[5] Whittington also argues that "[i]f the resentencing court did not err in refusing to consider [his] challenge to the comparability of his prior Illinois felony convictions," his counsel was ineffective for failing to fully litigate the issue. Because we agree that the trial court erred by refusing to analyze Whittington's out-of-state convictions, we do not address the argument.

3

We review a sentencing court's decision for a clear abuse of discretion or misapplication of the law. State v. Haag, 198 Wn.2d 309, 317, 495 P.3d 241 (2021). A court's failure to recognize it has discretion under the law is itself an abuse of discretion. See State v. McFarland, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017) (error when court operates under mistaken belief it lacks discretion to consider exceptional sentence). And an erroneous interpretation of the law necessarily constitutes an abuse of discretion. State v. B.O.J., 194 Wn.2d 314, 322-23, 449 P.3d 1006 (2019).

Res judicata bars the relitigation of claims and issues litigated to a final judgment in a prior action. Spokane County v. Miotke, 158 Wn. App. 62, 66, 240 P.3d 811 (2010). The doctrine applies in criminal cases. State v. Dupard, 93 Wn.2d 268, 273, 609 P.2d 961 (1980) (citing State v. Peele, 75 Wn.2d 28, 30, 448 P.2d 923 (1968)). Res judicata bars relitigation when a prior judgment addresses the same (1) subject matter, (2) cause of action, (3) persons and parties, and (4) identity of interest. Miotke, 158 Wn. App. at 66. The threshold requirement of res judicata is a valid and final judgment on the merits in a prior action. Ensley v. Pitcher, 152 Wn. App. 891, 899, 222 P.3d 99 (2009). Whether res judicata bars an action is a question of law we review de novo. Id.

CrR 7.8 allows parties in a criminal case to move for relief from a final judgment. Under CrR 7.8(b)(4), a trial court may relieve a party from a final judgment if the party shows that the judgment is void.

Here, the trial court agreed that Whittington's offender score was incorrect following our Supreme Court's decision in Blake. As a result, the court granted

4

Whittington's CrR 7.8(b)(4) motion for relief from a void judgment and sentence and resentenced him using a corrected offender score. But the court refused to engage in a comparability analysis of Whittington's out-of-state convictions because "there's been finality that is attached to those convictions through the prior litigation through the Court of Appeals and the decision that's been rendered there." The trial court was incorrect.

The trial court's order granting Whittington's CrR 7.8(b)(4) motion for resentencing served to vacate Whittington's judgment and sentence. This is so even though the order does not use the word "vacate." See In re Pers. Restraint of Skylstad, 160 Wn.2d 944, 954, 162 P.3d 413 (2007) (a court that reverses a sentence effectively vacates the judgment); State v. Waller, 197 Wn.2d 218, 230, 418 P.3d 515 (2021) (order granting CrR 7.8(b) motion to vacate and scheduling resentencing serves to vacate the judgment and sentence). As a result, the court's order "destroyed" the finality of Whittington's judgment and sentence, and it no longer was a final judgment on the merits. State v. Harrison, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003). Because there is no final judgment on the merits, res judicata does not apply.

The State argues that even though the trial court referred to "res judicata" when explaining why Whittington could not challenge the comparability of his Illinois convictions, the court's ruling "reflects a correct understanding that although Whittington was entitled to removal of the Blake-voided convictions, there was 'finality' regarding other portions of the judgment and sentence that Whittington was not entitled to disturb." In support, the State cites In re Personal

5

Restraint of Goodwin, 146 Wn.2d 861, 50 P.3d 618 (2002).  But Goodwin does not apply here.

In Goodwin, the defendant pleaded guilty to amended felony charges after reaching a plea agreement with the State.  146 Wn.2d at 863-64.  The defendant collaterally attacked his sentence, arguing the court used an incorrect offender score to sentence him because several prior juvenile offenses should have " 'washed out' " under former RCW 9.94A.030 (1989).  Id. at 864-65.  On appeal, the State argued former RCW 9.94A.030 did not entitle the defendant to relief because "he agreed to the criminal history in the plea agreement and the State has detrimentally relied on that agreement."  Id. at 867.  Our Supreme Court rejected the State's argument.  Id. at 876.  It explained that "[o]ur focus is not the voluntariness of the plea agreement."  Id.  The issue is the defendant's unlawful sentence, and correcting an erroneous sentence that the court imposed in excess of its statutory authority "does not affect the finality of that portion of the judgment and sentence that was correct and valid when imposed."  Id. at 877.

Here, the court determined that Whittington's sentence was void because of an incorrect offender score.  The remedy for an incorrect offender score is resentencing using a corrected offender score.  See State v. Schwartz, 194 Wn.2d 432, 438, 450 P.3d 141 (2019).  Unlike in Goodwin, Whittington was not asking the court to consider issues unrelated to the recalculation of his offender score at resentencing.  Instead, Whittington was asking the court to ensure that his offender score was accurate considering all of his criminal history.  Indeed, RCW 9.94A.530(2) entitles Whittington to revisit all relevant criminal history at

6

resentencing.[6] This is to "ensure that sentences imposed accurately reflect the offender's actual, complete criminal history, whether imposed at sentencing or upon resentencing." LAWS OF 2008, ch. 231, § 1(3).

The State next argues that RCW 10.73.090 time-bars Whittington from seeking a comparability analysis at resentencing. That statute says a defendant must bring a collateral attack within one year after the judgment and sentence becomes final unless the judgment is invalid on its face. RCW 10.73.090(1). A judgment is invalid on its face when the court exceeds its statutory authority in entering the judgment and sentence. In re Pers. Restraint of Coats, 173 Wn.2d 123, 135, 267 P.3d 324 (2011). And the judgment and sentence must evidence the invalidity without further elaboration. Goodwin, 146 Wn.2d at 866.

The State is correct that Whittington's challenge to the comparability of his out-of-state convictions does not alone support a finding that his judgment and sentence is facially invalid and that RCW 10.73.090(1) would bar relief on that basis. See In re Pers. Restraint of Banks, 149 Wn. App. 513, 519-21, 204 P.3d 260 (2009) (defendant's collateral attack of offender score based on comparability of out-of-state convictions dismissed as untimely because judgment and sentence valid on its face). But the trial court did not grant relief under CrR 7.8(b)(4) on Whittington's comparability claim. Instead, it granted relief based on his timely claim that Blake rendered his offender score incorrect and his judgment and sentence void. The State cites no authority to support its

---

[6] RCW 9.94A.530(2) provides, "On remand for resentencing following appeal or collateral attack, the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented."

argument that the trial court must ignore the comparability of Whittington's out-of-state convictions at resentencing because the issue would not separately warrant resentencing under CrR 7.8(b). As a result, we assume the State found none. Helmbreck v. McPhee, 15 Wn. App. 2d 41, 57, 476 P.3d 589 (2020) ("Where no authorities are cited in support of a proposition, we are not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

Because the trial court's order granting Whittington's CrR 7.8(b)(4) motion for resentencing vacated the original judgment and sentence, it does not amount to a final judgment, and res judicata does not bar Whittington from challenging the comparability of his out-of-state convictions when recalculating his offender score at resentencing. We reverse and remand for a full resentencing at which Whittington may challenge the comparability of his out-of-state convictions.

Brennan, J

WE CONCUR:

Díaz, J.                                    Colburn, J.