IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ROBERT B. SCHRADER and LINDA S. SCHRADER, <br>           Appellants, <br><br> v. <br><br> SHAWN GRIGGS and RON AMUNDSON, <br><br>           Respondents. | No. 86197-2-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION |

COBURN, J. — Plaintiffs Linda and Robert Schrader, proceeding pro se, challenge multiple trial court "actions" in their lawsuit against marina owner Ron Amundson and his attorney to repossess their houseboat and recover for ostensible financial and emotional harm due to deprivation of their houseboat and marina access. The Schraders appeal the trial court's denial of a temporary restraining order under CR 65(b), denial of default judgment, and grant of Amundson's summary judgment motion. We affirm.

FACTS

In November 2021, the Schraders moored their houseboat to Amundson's marina. The houseboat was moored over a submerged drydock, which was scheduled for repairs. In June 2022, the Schraders' houseboat was moved within the marina to allow repairs to the drydock. When Amundson lifted the drydock, he discovered sewage waste that had apparently discharged from the Schraders' houseboat. Amundson

subsequently provided Robert Schrader with a notice of termination. The Schraders did not remove their houseboat from the marina. Instead, Robert Schrader began leasing out the houseboat to third parties. The Schraders did not pay monthly moorage fees from July through October 2022, resulting in a $6,000 deficiency. In May 2023, Amundson took possession of the Schraders' houseboat.

In June, the Schraders sued Amundson and his attorney, Shawn Griggs, seemingly seeking possession of their houseboat and access to the marina, and citing financial and emotional harm from the lack of access to their houseboat and the marina. In October, the trial court granted Griggs's CR 12(b)(6) motion to dismiss the claims against him, which the Schraders do not appeal.

After the Schraders filed their lawsuit, the record shows the trial court issued multiple orders denying their motions for a temporary restraining order (TRO) under CR 65(b). The record shows, most recently, the trial court denied the Schraders' motion for emergency injunctive TRO relief in November.

The record also shows the Schraders moved for default judgment multiple times. On August 21, 2023, they moved for default judgment against Griggs. On August 23 the trial court denied the motion, stating Amundson appeared and no notice was given. On November 9 Amundson moved for summary judgment and dismissal for failure to state a claim under CR 12(b)(6). On November 30 the Schraders filed an opposition to the summary judgment motion and filed again for default judgment. On December 8 the trial court, having considered the Schraders' motion for default, Amundson's response, and the Schraders' reply, denied default judgment. The same day the trial court, after considering Amundson's summary judgment motion, the Schrader's response,

Amundson's reply, and oral argument, granted summary judgment as to sections of the Schraders' revised complaint and granted dismissal under CR 12(b)(6) as to their remaining claims.

The Schraders appeal.

## DISCUSSION

The dispositive issue on review is whether the trial court erroneously granted Amundson's summary judgment motion. Haley v. Amazon.com Servs., LLC, 25 Wn. App. 2d 207, 217, 522 P.3d 80 (2022) ("The purpose of summary judgment is to avoid useless trials where there is no genuine factual issue to be decided."). Amundson argues, in part, that the Schraders bring insufficient argument to sustain a meritorious challenge to summary judgment. We agree.

We hold pro se litigants to the same appellate procedure standards as attorneys. In re Estate of Little, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). Failure to comply with these rules may preclude this court's review. See State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). An appellant's brief should contain a table of cases and specific assignments of error related to its challenges. RAP 10.3(a)(2), (4). Under RAP 10.3(a)(6), an appellant's brief must offer "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Arguments unsupported by record cites, citation to supporting legal authority, and meaningful analysis need not be considered. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); Marintorres, 93 Wn. App. at 452; see Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Here, the Schraders' failure to bring more than unsupported conclusory assertions wholly forecloses our ability to evaluate their summary judgment challenge. The Schraders do not assign specific errors underlying the trial court's summary judgment order nor do they provide a table of cases. Instead, they merely assert because they were likely to prevail at trial based on unrefuted facts and "one or two remaining unresolved issues," the trial court erred in granting summary judgment to Amundson. Except for a cursory reference to CR 56, the Schraders' brief does not otherwise cite to any legal authority. Moreover, because their briefing is completely devoid of cites to the record, we cannot reasonably discern to which documents or facts they are referring to in support of their generalized claim.

In their reply brief, the Schraders state they are confident in this court's ability to sort out fact from fiction and call our attention to the complete case file to prove the basis of their appeal. This court will not comb through the record to discover the otherwise unspecified merits of an appellant's protests. The Schraders' briefing

violations prevent our effective review and are therefore fatal to their appeal.[1]

Affirmed.

_____Cohen, J._____

WE CONCUR:

_____Feldman, J._____          _____Mann, J._____

---

[1] Amundson also argues the Schraders' challenges to the trial court's denials of their requests for a TRO and default judgment fail as those orders are not subject to appeal under RAP 2.2(a). Because resolution of the Schraders' summary judgment appeal is dispositive, we need not address the viability of their additional challenges. See Christiano v. Spokane County Health Dist., 93 Wn. App. 90, 94, 969 P.2d 1078 (1998) ("[P]rinciples of judicial restraint dictate that when one issue is dispositive, we should refrain from reaching other issues that might be presented.").